**Ida Marie ALLEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 714.**

Supreme Court of Alaska.

Nov. 28, 1966.

---

James C. Merbs, Anchorage, for appellant.

Warren C. Colver, Atty. Gen., Juneau, Thomas E. Curran, Jr., Dist. Atty., Reginald J. Christie, Jr., Asst. Dist. Atty., Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant was indicted, tried and convicted of the crimes of larceny and engaging in prostitution. The sole question raised on this appeal is whether the court erred in refusing to grant appellant's motion for a judgment of acquittal as to the crime of larceny. We hold there was no error.

Appellant and the complaining witness met at a night club during the early morning hours of September 13, 1965. They went to the latter's hotel room where appellant agreed to engage in sexual intercourse for the sum of $20. The complain-ing witness then went to his suitcase and removed a twenty dollar bill from the pile of $360 in cash that he had placed in the corner of his suitcase earlier in the evening of September 12, and gave the bill to appellant.

Appellant and the complaining witness engaged in sexual intercourse, after which the latter fell asleep. To the best of his recollection this was sometime between 2:00 and 4:00 a. m., on September 13. He awoke at about 9:00 a. m. and discovered that the $340 which had been in his suitcase was gone, as was appellant.

Appellant was charged and tried for having stolen the $340. At the close of the state's case the defense rested and appellant moved for a judgment of acquittal. The motion was denied, and the jury returned a verdict of guilty. Subsequent to the verdict, appellant renewed her motion for judgment of acquittal, which was again denied.

Appellant argues that the jury was required to indulge in conjecture and speculation in order to reach the conclusion that appellant was guilty of larceny, because all that the evidence showed was that she had the opportunity to commit the crime and no more. In short, the gist of appellant's argument is that there was insufficient evidence of guilt to justify submitting the case to the jury, and therefore that the motion for judgment of acquittal ought to have been granted.

The evidence showed that the complaining witness had $340 in his suitcase in his hotel room at the time he was with appellant and fell asleep, and that appellant had left the room and the money was missing when he awoke at 9 o'clock in the morning. The jury could infer that appellant had knowledge of the money from the testimony of the complaining witness that in appellant's presence he had gone to his suitcase to get a twenty dollar bill to give to appellant. There was evidence to the effect that there was only one entrance to the hotel room and that it had a self-locking door. The complaining witness

testified that when he awoke the door was closed. There was no evidence that anyone besides appellant knew about the money or had been in the room. There was no evidence that when appellant left the room she left the door open.

We said in Bush v. State,[1] and repeated in Jennings v. State,[2] that

On a motion for a judgment of acquittal the judge must take the view of the evidence and the inferences therefrom most favorable to the state. If he determines that fair minded men in the exercise of reasonable judgment could differ on the question of whether guilt had been established beyond a reasonable doubt, then he must submit the case to the jury. [Footnotes omitted.]

█ We hold that the evidence was sufficient to warrant submitting the case to the jury on the charge of larceny. Fair minded persons could conclude beyond a reasonable doubt that appellant had known about or discovered the money in the suitcase, and had taken it with her when the complaining witness was asleep. It would not involve the use of conjecture or speculation, in the sense of reaching a conclusion founded upon no evidence or insufficient evidence,[3] to reach the conclusion that appellant was the guilty person. Indeed, it would require the use of conjecture and speculation to entertain a reasonable doubt as to appellant's guilt based on the unlikely possibility that some other person had entered the complaining witness's room through a locked door while he slept, and had searched the suitcase and made off with the money that was there. There was no evidence from which the probability that this had happened could be inferred.

The state's case against appellant was entirely circumstantial, that is, appellant's guilt had to be inferred from evidentiary facts which did not include the testimony of any witness who observed appellant take the complaining witness's money.[4] In Davis v. State [5] we held that where evidence of guilt was all circumstantial, it must be such as to exclude every reasonable theory consistent with the accused's innocence. Appellant in effect contends that the evidence here does not meet that test; and appellee urges us to abandon the *Davis* rule because its effect is to require the judge in circumstantial evidence cases to be convinced of guilt beyond a reasonable doubt before submitting the case to the jury, and an instruction to the jury on the *Davis* test is confusing and unnecessary.

The answer to both appellant's and appellee's contention is found in our decision in Jennings v. State.[6] In that case we held that the test in *Davis* was equivalent to the rule in *Bush*,[7] to the effect that a case should be submitted to the jury only if fair minded men in the exercise of reasonable judgment could differ on the question of whether guilt had been established beyond a reasonable doubt, and that if they could not differ but must necessarily have such a doubt, a judgment of acquittal should be granted. Appellant's contention is disposed of because, as we have held, utilizing the *Bush* rule, the evidence was not such that fair minded men must necessarily have had a reasonable doubt as to appellant's guilt. And appellee's contention, that *Davis* requires the judge to be convinced of guilt beyond a reasonable doubt before submitting the case to the jury, is incorrect. The *Davis* test, being equivalent to the rule in *Bush*, requires only that the judge submit the case to the jury if he determines that there is room for diversity of opinion among reasonable men as to the question of wheth-

1. 397 P.2d 616, 618 (Alaska 1964).

2. 404 P.2d 652, 654 (Alaska 1965).

3. See Crawford v. Rogers, 406 P.2d 189, 192 (Alaska 1965).

4. Jennings v. State, 404 P.2d 652, 654 (Alaska 1965).

5. 369 P.2d 879, 882 (Alaska 1962).

6. Case cited note 4 supra.

7. Bush v. State, 397 P.2d 616, 618 (Alaska 1964).

er guilt has been established beyond a reasonable doubt.

 Appellee urges that we abandon the *Davis* test so far as it requires an instruction to the jury that circumstantial evidence must be of such nature as to be inconsistent with any other reasonable theory than that of guilt.[8] Such an instruction is unnecessary and may well be confusing and therefore should be dispensed with. Proper instructions on the standards for reasonable doubt should suffice.[9]

The judgment is affirmed.

8. In Instruction No. 7 the court, in speaking of circumstantial evidence, said in part:

But to be of any weight or force against a person accused of crime, circumstantial evidence must be of such nature as reasonably to lead to the inference of the defendant's guilt and be inconsistent with any other reasonable theory than that of guilt.

9. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150, 166 (1954).