478 So.2d 266 (1985)
Albert KEYS
v.
STATE of Mississippi.
No. 55088.
Supreme Court of Mississippi.
October 2, 1985.
*267 Arnold F. Gwin, Greenwood, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
Five grocery bags full of marijuana having been found in the bathroom of the apartment in which he lived in Greenwood, Mississippi, Albert Keys, age 59, stands convicted of possession of a Schedule I illegal controlled substance with intent to distribute same.[1] He has been sentenced to ten years imprisonment, with six years suspended.[2]
Keys argues that the evidence against him is circumstantial in nature as a result of which the prosecution was saddled with a heightened burden of proof. His assignment of error here is the circuit judge's refusal to instruct the jury that the State was required not only to prove his guilt beyond a reasonable doubt but also to the exclusion of every reasonable hypothesis consistent with innocence.[3]
Keys invokes a familiar rule. Where the nature of the State's evidence is circumstantial, the sort of instruction requested by Keys here must be given. Flanagin v. State, 473 So.2d 482, 485 (Miss. 1985); Hester v. State, 463 So.2d 1087 (Miss. 1985); Flemmons v. State, 419 So.2d 1034, 1036 (Miss. 1982); Westbrook v. State, 202 Miss. 426, 432-33, 32 So.2d 251, 252 (1947).
It is the law in this state that, where the evidence for the prosecution is wholly circumstantial in nature, the accused is entitled upon request to have the jury instructed that, before they may convict, they must find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. See, e.g., Billiot v. State, 454 So.2d 445, 461-62 (Miss. 1984). There is, to be sure, loose talk in some of our cases to the effect that the circumstantial evidence instruction must be given where only one of the elements of the offense charged is established circumstantially. See, e.g., Collins v. State, 447 So.2d 645, 646 (Miss. 1984); King v. State, 315 So.2d 925, 926 (Miss. 1975); Love v. State, 208 So.2d 755, 757 (Miss. 1968). A correct statement is that the instruction must be given only where the prosecution is without a confession and wholly without eye witnesses to the gravamen of the offense charged.[4]
*268 Even so, a linguistic problem confronts us. What is "circumstantial evidence"? The least inadequate definition we can provide is that circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist. Conversely, eye witness testimony is thought of as direct evidence. The problem is that evidence in criminal cases does not fit into two nice, neat, mutually exclusive categories: direct and circumstantial. There are too many shades of gray. Most trials are full of evidence from one end of the spectrum to the other.
In one sense practically all evidence is circumstantial evidence. If A sees X shoot Y, the likelihood is that A's eyes do not actually see and transmit to A's brain a sight impression of the bullet speeding toward Y. When A testifies he is inferring that X shot Y from the fact that he saw X pull the trigger, "heard" the shot and a split second later he saw Y fall. The State's case there is in reality based on circumstantial evidence, but we would be thought silly to so hold.
Proof of felonious intent will always be by circumstantial evidence except where the accused has confessed. Hollingsworth v. State, 392 So.2d 515, 517-18 (Miss. 1981); Stinson v. State, 375 So.2d 235, 236 (Miss. 1979). For example, intent to sell is established here by Keys' possession of five grocery bags  13,744.0 grams  of marijuana, far more than one might reasonably hold exclusively for personal use. See Bryant v. State, 427 So.2d 131, 132 (Miss. 1983). Carried to its logical extreme, this insight would require that the circumstantial evidence instruction be granted in every non-confession case. This is not the law nor was it ever contemplated by those who fashioned the rule here in issue.
Here there is no proof here that Albert Keys was physically holding the marijuana and in this sense it cannot be denied that inference is necessary to move from the evidence that Keys occupied and inhabited the apartment and had dominion and control over it, coupled with the presence of the five grocery bags of marijuana in the bathroom, to the conclusory fact that Keys possessed the marijuana. The inference is a short one, one which in an analogous context of years gone by did not hinder this Court's holding that, when intoxicating liquor was found on search of a residence of an accused who was the head of a family residing in the home, a prima facie case of possession by him had been made. Peeples v. State, 216 Miss. 790, 798, 63 So.2d 236 (1953); Williamson v. State, 191 Miss. 643, 646, 4 So.2d 220, 221 (1941).
Today's riddle is resolved by getting well in mind what it is that the State is expected to prove  and then asking whether this has been established by direct or circumstantial evidence. Here the State is not required to prove actual physical possession. The positive law of this state declares it unlawful for one to have constructive possession of an illegal controlled substance with intent to sell. Martin v. State, 413 So.2d 730, 732 (Miss. 1982); Curry v. State, 249 So.2d 414, 416 (Miss. 1971). An item is within one's constructive possession when it is subject to his dominion or control. Constructive possession may be established by direct evidence or circumstantial evidence.
Here we have substantial direct evidence that the marijuana was within Keys' constructive possession. Without dispute the apartment was subject to Keys' dominion and control. He lived there alone. The grocery bags of marijuana were seen in the bathroom of Keys' apartment. This is direct eyewitness evidence of the gravamen of the offense  Keys' constructive possession of the marijuana. The trial judge, accordingly, was not required to give the circumstantial evidence instruction.
We have recently discussed this point of law in substantially distinguishable factual contexts. Nothing said here conflicts with our recent decisions in Burnham v. State, 467 So.2d 946 (Miss. 1985) and Henderson v. State, 453 So.2d 708 (Miss. 1984). In *269 Burnham the defendant's ex-wife had been granted exclusive use and occupancy of the home in which the marijuana was found. In Henderson the defendant was merely a guest in the home where the illegal controlled substances were found. By way of contrast, Albert Keys was shown to have been in full occupation and control of the apartment in question.
CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN (10) YEARS WITH SIX (6) YEARS SUSPENDED AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] See Miss. Code Ann. § 41-29-139(a)(1).
[2] See Miss. Code Ann. §§ 41-29-113(c)(11) and -139(b)(1).
[3] See Mississippi Model Jury Instructions  Civil and Criminal, §§ C.15 and C.16, pp. 19-20 (1977).
[4] It is noted by the State at oral argument that all of this may be much ado about nothing. The circumstantial evidence instruction may well be a product of the legal mind's penchant for repetition. If an accused's guilt is established to the exclusion of every reasonable hypothesis consistent with innocence, then it may be said that he has been found guilty beyond a reasonable doubt. Conversely, if the evidence has not excluded from the juror's mind a reasonable hypothesis consistent with innocence, it follows that the State has not established guilt beyond a reasonable doubt. These thoughts noted, the State disclaims any suggestion that we should abolish our circumstantial evidence instruction.