481 So.2d 793 (1985)
Lawrence MACK
v.
STATE of Mississippi.
No. 56229.
Supreme Court of Mississippi.
December 4, 1985.
John C. Webb, Howard I. Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This appeal arises out of a 29 year old defendant's burglary of his mother's home and theft of certain items of household goods. We have been asked to review the questions of whether a circumstantial evidence instruction should have been submitted to the jury and whether the evidence against the defendant is sufficient in law to support a conviction. Finding no error, we affirm.

I.
House Number 320 Hunt Street, Greenville, Mississippi, is the residence of Louise Mack. Louise Mack returned home from work in the evening of June 22, 1983, and discovered that someone had broken into her house. The curtain on a bedroom window on the north side was torn apart and the window shades were down. Before she left home that morning, she had locked all doors and windows. In fact, she had placed a stick on the window to secure it. Louise Mack testified that nobody had a key to her house; not even the Defendant, Lawrence Mack, who is her son. Lawrence had lived with his mother for some time, but she had asked him to move out after a series of disagreements with him. He had moved out a month prior to the incident in question.
Upon entry on the evening in question Louise Mack discovered that her 13 inch TV and a clock radio, which were in her bedroom, were missing and a 22 inch lawnmower that was stored in her storage room was also missing. She identified a radio purportedly pawned by Lawrence Mack to a Mr. Grigsby as hers and as the radio which was taken from her bedroom on the day of the alleged burglary.
*794 Arthur Hayes, a Greenville police officer, testified that he investigated a reported burglary of the premises at 320 Hunt Street on June 22, 1983. During the course of the investigation, he noticed footprints on the west side of the house leading around to the back bedroom window. This is the same window referred to earlier in Louise Mack's testimony. Officer Hayes testified that it appeared that someone had forcibly opened this window in order to gain entry into the premise. He also testified that the doors had locks on them. The bedroom from which the items were taken was ransacked as was another room in the house.
Van Marie Wise, the former girlfriend of Lawrence Mack and mother of his baby, testified that Lawrence came to the apartment they shared and brought with him a lawnmower, a color television set and a radio. She could not remember the exact date, but, when she asked him where he got them from, Lawrence replied that he had gotten these items from his mother.
Lawrence Mack pawned a radio for Five Dollars to James Grigsby on July 10, 1984. James Grigsby identified the radio in exhibit as the same one he had pawned to him and as that which the police had recovered from him when they were investigating the burglary.
Lawrence Mack, age 29, took the stand in his own defense. He admitted pawning a radio to James Grigsby on the 10th of July, 1983, for Five Dollars. The radio, according to his testimony was his; he bought it at a rummage sale. At the time of the burglary his mother told him about it, but he told her he did not know anything about it.
Procedurally, Lawrence Mack was formally charged with burglary of a dwelling house in an indictment returned by the Washington County Grand Jury on October 14, 1983. The matter was called for trial in the Circuit Court of Washington County, Mississippi, on December 20, 1984. At the conclusion of the trial, the jury returned a verdict of guilty as charged, whereupon the Circuit Court sentenced Mack to the custody of the Mississippi Department of Corrections for a period of five (5) years. This appeal has followed.

II.
On this appeal, Mack assigns as error the following:
(1) The refusal by the trial court to instruct the jury in accordance with the standards and safeguards which apply in a circumstantial evidence case.
(2) The evidence being circumstantial was insufficient to support the verdict of the jury.

III.
At the conclusion of the testimony, the judge instructed the jury. The defense had requested that the jury be advised that the State's burden of proof was such that, before the jury could convict, it would have to find that the evidence excluded every reasonable hypothesis consistent with innocence. Defendant requested that language to this effect be included in Instruction No. S-7. This language was also a part of Instruction D-5 requested by the Defendant but refused by the trial judge.
The State objected to the inclusion of this phrase on the grounds that Van Marie Wise had testified that he got it from his mother's house. The judge sustained the State's position in spite of the defense's contention that no one saw Lawrence Mack's alleged breaking and entering into the premises. Instruction D-5 was also refused because it was a circumstantial evidence instruction.
Lawrence Mack in his first assignment of error invokes the all too familiar rule that when by the nature of the State's case, the evidence is deemed to be circumstantial, the accused is entitled upon request to have the jury instructed that before they may convict, they must find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. Keys v. State, 478 So.2d 266 (Miss. 1985); Hester v. *795 State, 463 So.2d 1087 (Miss. 1985); Billiot v. State, 454 So.2d 445, 461-62 (Miss. 1984).
In Keys v. State, supra, this Court attempted to clarify or streamline what it considers to be "loose talk". Acknowledging what seems to have been a rule enunciated in cases like Collins v. State, 447 So.2d 645, 646 (Miss. 1984); King v. State, 315 So.2d 925, 926 (Miss. 1975) and Love v. State, 208 So.2d 755, 757 (Miss. 1968) to the effect that the instruction must be given if one element of the offense charged is proven circumstantially, the Keys court announced the rule to be that the instruction must be given only where the prosecution is without a confession and only without eyewitnesses to the gravamen of the offense charged. There is no reason on principle why an admission by the defendant on a significant element of the offense should not also operate to render unnecessary the circumstantial evidence instruction. See also Anderson v. State, 246 Miss. 821, 152 So.2d 702 (1963).
The gravamen of the offense of burglary of a dwelling house are (1) the burglarious breaking and entering of a dwelling, and (2) the felonious intent to commit some crime therein. Moore v. State, 344 So.2d 731, 735 (Miss. 1977); Mason v. State, 344 So.2d 144, 145-46 (Miss. 1977). In Newburn v. State, 205 So.2d 260, 265 (Miss. 1967) it is stated that the act of opening a closed entrance to a dwelling is sufficient to satisfy the essential element of breaking and entering. In the case sub judice, there is enough evidence to support this: Both Mrs. Mack and the two investigating officers testified to the fact that entrance into the premises was gained by entry through the north side window after said window had been forcibly opened.
As to proof of the second element, the Defendant, Lawrence Mack, had possession of the items from the dwelling house on the very day of the alleged burglary and on that day also admitted to his girlfriend that he got them from his mother. He later pawned the radio to James Grigsby from whom the police recovered it the next day (three weeks after the crime). Furthermore, the Defendant when confronted by his mother about the crime, denied any knowledge of it.
Instructive of the defendant's conduct vis-a-vis the crime is Reed v. State, 229 Miss. 440, 91 So.2d 269 (1956) cited by the State. The Reed court defined an admission as a statement by the accused  it may be direct or implied  of facts pertinent to the issue and tendings in connection with other facts to prove his guilt. 229 Miss. at 446, 91 So.2d 269. Direct evidence of the crime is the evidence of an eye witness that it was committed. This includes in criminal law the confessions and admissions of the accused and dying declarations. Anderson, 246 Miss. at 828, 152 So.2d 702.
The crux of Mack's argument seems to be that since there was no eyewitness who identified him as the person who broke and entered his mother's residence, this was necessarily a case of circumstantial evidence and, therefore, that he was entitled to the circumstantial evidence instruction. All else aside, there is evidence in this case from Van Marie Wise that Mack admitted to her that he obtained the lawnmower, television set and radio from his mother. While not a confession properly so-called, this evidence does constitute an admission. Reed v. State, 229 Miss. 440, 446, 91 So.2d 269 (1956). As such, it constitutes direct evidence of the crime such that the giving of the familiar circumstantial evidence instruction is not required. Anderson v. State, 246 Miss. 821, 828, 152 So.2d 702 (1963).

IV.
Appellant's second assignment of error attacks the weight and sufficiency of the evidence to support the jury verdict of guilty. Where such a point is presented to this Court on appeal, the Court is required to consider all the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. Winters v. State, 473 So.2d 452 (Miss. 1985); Williams v. State, 463 So.2d 1064, 1067 (Miss. 1985); Toncrey v. State, 465 *796 So.2d 1070, 1072 (Miss. 1985). The credible evidence, which is consistent with the verdict, must be accepted as true and the Court will reverse only where, with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could find the accused not guilty. The jury is the sole judge of the credibility of the witnesses and the weight and worth to be given their testimony. Redmond v. State, 457 So.2d 1344, 1346 (Miss. 1984); Carter v. State, 310 So.2d 271 (Miss. 1975); Campbell v. State, 278 So.2d 420 (Miss. 1973).
Based on the evidence, to-wit: (1) Louise Mack's home was broken into and some items were stolen; (2) on the same day of the burglary the Defendant was in possession of these items; (3) he admitted to his girlfriend that he got the items from his mother; (4) the mother denied giving them to him or him having her permission to enter or take these items; (5) he pawned one of these items to a neighbor from whom it was recovered; and (6) he admitted, under direct examination, ownership of the radio  this is the same radio that was stolen during the burglary. We cannot say that the jury was wrong in finding that the Defendant was the individual who forcibly gained entry into the premises of Mrs. Louise Mack and stole the items identified as missing.
AFFIRMED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, SULLIVAN and ANDERSON, JJ., concur.
PATTERSON, C.J., WALKER, P.J., and ANDERSON and ROBERTSON, JJ., concur to part III by written opinion.
DAN M. LEE, J., not participating.
ROBERTSON, Justice, concurring:
Familiar in our jurisprudence is the rule that where the evidence against an accused is circumstantial in nature the prosecution is saddled with a supposedly heightened burden of proof. In such cases we require that the jury be instructed that, before it may return a verdict of guilty, the jury must not only be satisfied of the accused's guilt beyond a reasonable doubt but also to the exclusion of every reasonable hypothesis consistent with innocence. See, e.g., Flanagin v. State, 473 So.2d 482, 485 (Miss. 1985); Hester v. State, 463 So.2d 1087 (Miss. 1985); Flemmons v. State, 419 So.2d 1034, 1036 (Miss. 1982); Westbrook v. State, 202 Miss. 426, 432-33, 32 So.2d 251, 252 (1947). Upon reflection it appears we have confused the familiar with the necessary.
I have recently had the occasion to peruse the literally dozens of cases we have on this point. See my opinion speaking for a unanimous Court in Keys v. State, 478 So.2d 266 (Miss. 1985). Many problems became apparent. For one thing, we state the rule in different ways in different cases. For example, many cases state that, only where the evidence for the prosecution is wholly circumstantial in nature is the accused entitled to the circumstantial evidence instruction. See, e.g., Billiot v. State, 454 So.2d 445, 461-62 (Miss. 1984). On the other hand, there are cases to the effect that the circumstantial evidence instruction be given where only one element of the offense charged is established circumstantially. See, e.g., Collins v. State, 447 So.2d 645, 646 (Miss. 1984); King v. State, 315 So.2d 925, 926 (Miss. 1975); Love v. State, 208 So.2d 755, 757 (Miss. 1968).
We added a third, intermediate formulation in Keys, wherein we held that the instruction must be given "only where the prosecution is without a confession and wholly without eyewitnesses to the gravamen of the offense charged".
Another problem concerns the difficulty in defining the term "circumstantial evidence". In Keys we defined circumstantial evidence as
evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist.
Having no illusions about the matter, we made clear that we regarded this as merely "the least inadequate definition we can provide". *797 The problem is that evidence in criminal cases does not fit into two nice, neat, mutually exclusive categories: direct and circumstantial. There are too many shades of gray. Most trials are full of evidence from one end of the spectrum to the other. Furthermore, circumstantial evidence like beauty is in the eye of the beholder. Suffice it to say that the perceptions of the members of this Court vary from judge to judge.
Upon reflection it seems that the circumstantial evidence instruction and the many battles this Court has fought regarding when it should be given may in reality be much ado about nothing. If an accused's guilt is established to the exclusion of every reasonable hypothesis consistent with innocence, then it may be said that he has been found guilty beyond a reasonable doubt. Conversely, if the evidence has not excluded from the juror's mind a reasonable hypothesis consistent with innocence, it follows that the State has not established guilt beyond a reasonable doubt. After all, what  and all  that is constitutionally required is that the accused's guilt be established beyond a reasonable doubt, period. See Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560, 571 (1979).
Looking to other jurisdictions, we find that these are hardly radical thoughts. Holland v. United States, 348 U.S. 121, 139-140, 75 S.Ct. 127, 137-138, 99 L.Ed. 150, 166-67 (1954) abolished the circumstantial evidence instruction in the federal courts. Many states have followed suit. See, e.g., Allen v. State, 420 P.2d 465 (Alaska 1966); Arizona: State v. Harvill, 106 Ariz. 386, 476 P.2d 841, 844 (1970); Colorado: People v. Bennett, 183 Colo. 125, 131 n. 1, 515 P.2d 466, 469 fn. 1 (1973); Hawaii: State v. Bush, 58 Hawaii 340, 569 P.2d 349 (1977); Kansas: State v. Wilkins, 215 Kan. 145, 523 P.2d 728 (1974); Kentucky: Holland v. Commonwealth, 323 S.W.2d 411, 413 (Ky. 1959); New Mexico: State v. Bell, 90 N.M. 134, 560 P.2d 925, 928 (1977); State v. Brown, 100 N.M. 726, 676 P.2d 253, 255 (1984); Oregon: State v. Lerch, 296 Or. 377, 677 P.2d 678, 683-90 (1984); Texas: Rumph v. State, 687 S.W.2d 489, 493 (Tex. App. 1985); Washington: State v. Gosby, 85 Wash.2d 758, 539 P.2d 680 (1975); Wyoming: Blakely v. State, 542 P.2d 857 (Wyo. 1975).
The explanation for this trend is the emergence of the insight that there is no difference between direct and circumstantial evidence that our law rationally can or ought to take account of. In Holland the Supreme Court was quite correct when it observed:
Circumstantial evidence in this respect is no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.
348 U.S. at 140, 75 S.Ct. at 137, 99 L.Ed. at 166-67.
In sum, I would have us hold that the law should not impose a distinction between direct and circumstantial evidence where, at least in the present context, none rationally exists. I would have our juries instructed that the law makes no distinction between direct and circumstantial evidence but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.
For the above reasons, I find no error in the trial judge's refusal of the proposed amendment to Instruction No. S-7 nor the refusal outright of Instruction No. D-5.
PATTERSON, C.J., WALKER, P.J., and ANDERSON, J., concur.
DAN M. LEE, J., not participating.