595 So.2d 1320 (1992)
Tyrone STRINGFELLOW
v.
STATE of Mississippi.
No. 90-KA-0622.
Supreme Court of Mississippi.
March 4, 1992.
*1321 David A. Stephenson, Meridian, for appellant.
Mike C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROY NOBLE LEE, Chief Justice, for the Court:
Tyrone Stringfellow was indicted, tried and convicted in the Circuit Court of Lauderdale County, Mississippi, for burglary of a business establishment. The lower court sentenced Stringfellow to seven (7) years in the custody of the Mississippi Department of Corrections. He appeals to this Court and raises the sole issue of whether or not the lower court erred in refusing to instruct the jury on circumstantial evidence.

FACTS
Tyrone Stringfellow, a twenty-five year old recidivist since the age of twelve, was arrested within minutes of the sounding of the burglar alarm at Super Stop Store No. 7 in Meridian, Mississippi. A piece of asphalt was thrown through a glass door, and the burglar entered the convenience store where he took food and drink.
Stringfellow was crossing the bridge behind Carver Middle School within about two blocks of the store when he was spotted by a city policeman, who was responding to the burglary alarm. The officer saw him carrying a clear plastic bag in which cans of Budweiser were visible. When Stringfellow saw the officer, he dropped the bag and ran. When arrested, Stringfellow said, "I can tell you who I got this from." He was interrupted by the officer reading him the Miranda warnings and never gave another statement.
The bag contained a six pack plus two of Budweiser canned, a package of bologna, and a ten pack of wieners less two, all identified as the store's goods.

ISSUE
Stringfellow contends that the lower court erred in refusing his requested instruction on circumstantial evidence, which reads as follows:
The court instructs the jury that if there be any fact or circumstances in this case susceptible to two interpretations, one favorable and the other unfavorable to the defendant, Tyrone Stringfellow, and when the jury has considered such fact or circumstances with all the other evidence, there is a reasonable doubt as to the exclusion of every reasonable hypothesis consistent with innocence, the jury must resolve such doubt in favor of the defendant, and place upon such fact or circumstances the interpretation favorable to the defendant.
The State's evidence shows without contradiction the following:
(1) That someone threw an asphalt brick through the store's glass door;
(2) That someone entered the store and stole beer and packaged meat;

*1322 (3) Stringfellow was in possession of beer and packaged meat identified as taken from that store within a short time following the burglary alarm; and
(4) Stringfellow, when arrested, made the voluntary statement, "I can tell you who I got this from."
Stringfellow did not testify or call witnesses. The lower court stated that "but for Stringfellow's statement" the case is totally circumstantial.
The rule in Mississippi is that a circumstantial evidence instruction should be given only when the prosecution can produce neither eyewitnesses or a confession to the offense charged. McNeal v. State, 551 So.2d 151, 157-59 (Miss. 1989); Hart v. State, 503 So.2d 277 (Miss. 1987); Keys v. State, 478 So.2d 266 (Miss. 1985). Here, the State did not produce any eyewitnesses or a confession. The statement made here by Stringfellow was not an admission of guilt. It did not tend, in connection with other facts, to prove Stringfellow's guilt. See Reed v. State, 229 Miss. 440, 91 So.2d 269 (Miss. 1956).
Thus, a circumstantial evidence instruction was appropriate. The State urges, however, that we abolish the circumstantial evidence instruction. This Court has previously considered and rejected this identical argument. A number of other jurisdictions have abolished the circumstantial evidence instruction, but we are of the opinion that there still are times and cases where, to secure protection of the accused's right to a fair trial, the instruction should be given.
We recognize that an instruction to a jury that it must find an accused guilty beyond reasonable doubt is, practically speaking, no less stringent than a circumstantial instruction requiring the jury to find the accused's guilt beyond a reasonable doubt and "to the exclusion of every reasonable hypothesis other than that of guilt." If a juror has a reasonable doubt of the defendant's guilt, certainly there is a reasonable hypothesis consistent with innocence. See, e.g., King v. State, 580 So.2d 1182 (Miss. 1991) (Banks, J., concurring); Mack v. State, 481 So.2d 793 (Miss. 1985) (Robertson, J., concurring).
In the case at bar, some members of the Court would abolish the circumstantial evidence instruction. Others are inclined to the position that here, the failure to give the instruction was harmless error. However, it is the conclusion of the majority that if the instruction is to be retained, it should have been given in this case. The proposition to abolish the instruction has not attained a majority. We hold, therefore, that the lower court committed reversible error by refusing a circumstantial evidence instruction. The case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., concurs in part and dissents in part without written opinion.
PITTMAN, J., concurs with written opinion joined by ROBERTSON and McRAE, JJ.
PITTMAN, Justice, concurring:
I agree with the result of the majority opinion; however, I would reverse and remand due to a lack of evidence. This Court should abolish the need for a circumstantial evidence instruction. Members of this Court have argued that there is no need for a circumstantial evidence instruction because of the sufficiency of the "beyond a reasonable doubt" instruction and burden of proof. See, e.g., King v. State, 580 So.2d 1182 (Miss. 1991) (Banks, J., concurring); Mack v. State, 481 So.2d 793 (Miss. 1985) (Robertson, J., concurring). I am persuaded by this argument.
ROBERTSON and McRAE, JJ., join this opinion.