McMILLIN, P. J.,
for the Court:
¶ 1. Thomas Clunan was convicted of burglary of a dwelling house and has appealed raising three issues which he asserts warrant a reversal of his conviction. We find the issues to be without merit and affirm.
I.
Facts
¶2. In 1997, Pete Nunley, a reserve officer for the Greenwood Police Department, discovered that his home had been burglarized and that a rifle and a pistol had been stolen, along with some items of jewelry belonging to his wife. That same day, Clunan sold a rifle in a local bar that was ultimately recovered by investigating officers and identified as Nunley’s rifle. The purchaser of the rifle testified at trial that, sometime after the sale, Clunan admitted to him that he had broken into the Nunley home and stolen the rifle. The pistol taken from Nunley was recovered from the possession of Clunan by his wife and stepson and surrendered to the police. Much of the jewelry was pawned by Clu-nan and subsequently redeemed by his wife and daughter. They retained the jewelry until Clunan’s arrest, at which *1080 time they surrendered the jewelry to the investigating officers.
¶ 8. After Clunan was arrested and in custody, he accosted an acquaintance who was employed by the Leflore County Sheriff and stated that he had “screwed up” by breaking into a law enforcement officer’s residence without knowing it until he discovered the pistol. According to this witness, Clunan asked him to intercede with the Sheriff for him and volunteered to help out in future drug investigations in exchange for favorable treatment.
¶ 4. At trial, Clunan, testifying in his own behalf, claimed to have received the jewelry from his stepson. He also said that he had discovered the gun and pistol quite by surprise when he opened the trunk of his wife’s recently-purchased automobile, and that he sold the rifle because of his alarm at suddenly finding himself in possession of these weapons. He denied having admitted his involvement in the burglary.
II.
The First Issue: The Sufficiency of the Evidence
¶ 5. Clunan attacks the sufficiency of the evidence by saying that the only evidence presented by the State was his possession of recently stolen merchandise and that this, standing alone, is insufficient to support a conviction of burglary, citing Murphy v. State, 566 So.2d 1201, 1206 (Miss.1990). This argument is singularly without merit, primarily because it is factually inaccurate. We review the evidence on this issue in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The State produced two witnesses who testified that Clunan admitted to them his involvement in the break-in at the Nunley home. Such extrajudicial statements made by a defendant are admissible into evidence under Mississippi Rule of Evidence 801(d)2(A). Though Clunan denied having made those statements, that fact merely created a disputed issue of fact for the jury to resolve. McClain, 625 So.2d at 778. Based on our standard of review, we must assume that the jury determined the two witnesses were more credible than Clunan. This evidence of Clunan’s incriminating statements together with proof of possession of recently stolen merchandise is, beyond question, sufficient to support a conviction for burglary.
III.
The Second Issue: Spousal Privilege
¶ 6. Clunan claims that the trial court erred in admitting into evidence the pistol and jewelry since those items were obtained by virtue of information obtained from his wife. Clunan claims that this represents a violation of the spousal competency statute found at section 13-1-5 of the Mississippi Code. This question has been answered against Clunan by the Mississippi Supreme Court in Ladner v. State, 584 So.2d 743, 748 (Miss.1991). The statute relates solely to the admission of evidence and does not create a protection akin to the Fifth Amendment right against self-incrimination that extends to the suspect’s spouse. The State did not attempt to call Clunan’s wife as a witness or to introduce any extrajudicial statements made by her. The statute, insofar as it relates to a criminal prosecution, limits itself to the proper conduct of the trial itself. It does not purport to regulate or restrict the conduct of police officers in an on-going criminal investigation.
IV.
The Third Issue: Denial of a Circumstantial Evidence Instruction
¶ 7. Clunan argues that the trial court committed reversible error when it denied him a circumstantial evidence instruction. An extrajudicial statement admitting involvement in a criminal act is direct, not circumstantial, evidence. Mack v. State, 481 So.2d 793, 795 (Miss.1985). A *1081 circumstantial evidence instruction is proper only in the instance where the State’s entire case consists of circumstantial evidence and those inferences that can reasonably be drawn from that evidence. Taylor v. State, 672 So.2d 1246, 1270 (Miss.1996). Since that is not the case in this trial, we find this issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLL COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.