906 So.2d 43 (2004)
STATE of Mississippi, Appellant,
v.
Johnny Lane McMURRY a/k/a Johnnie Lane McMurry, Appellee.
No. 2003-KA-00081-COA.
Court of Appeals of Mississippi.
November 30, 2004.
*44 G. Gilmore Martin, John W. Bullard, Vicksburg, attorneys for appellant.
William Mitchell Moran, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. A jury sitting before the Circuit Court of Warren County acquitted Johnny Lane McMurry of kidnaping Laurie Kistler. Aggrieved, the State appeals and asserts the following issue verbatim:
I. THE CIRCUIT COURT ERRED IN GRANTING INSTRUCTION D-3 WHICH IS A CIRCUMSTANTIAL EVIDENCE INSTRUCTION, IN THIS, A NON-CIRCUMSTANTIAL CASE.
For reasons discussed below, we decide the question only.

FACTS
¶ 2. On April 26, 2002, Laurie Kistler ran out of gas on Highway 61, just North of Vicksburg. Kistler, a short distance from her parents home, stopped on the side of Highway 61 and waited for a family member to pass by. Minutes later, Johnny Lane McMurry parked his pickup behind Kistler's car and asked Kistler if she needed assistance. Kistler refused at first, but as McMurry walked back to his pickup, Kistler changed her mind and asked him to take her to her parents' house. McMurry agreed.
¶ 3. According to Kistler's version of events, McMurry did not stop at her parents' driveway. Kistler then asked McMurry to let her out at the next house. Likewise, McMurry did not stop there either. Kistler requested that McMurry stop and let her out of his truck. Kistler alleged that McMurry pulled a pistol from underneath his seat and pointed it at her. McMurry locked the doors and told Kistler to relax and put on her seat belt. When McMurry set the pistol on his lap, Kistler grabbed for it. As they struggled, Kistler bit and scratched McMurry and jumped from his moving truck.
*45 ¶ 4. Kistler ran to the home of Charles Bounds, Jr. At that time, Bounds was in his front yard, mowing his lawn. When he looked up, he saw Kistler running, waving her hands and otherwise acting hysterically. Bounds called 911, and Kistler reported the events. Kistler described McMurry, his pistol, and his truck. Randy Lewis, a detective with the Warren County Sheriff's Office recorded the description. Lewis posted a state wide lookout for McMurry.
¶ 5. Deputy Carl Schaffer of the Yazoo County Sheriff's Office called the Warren County Sheriff's Office and informed them that he had a suspect and vehicle that matched Kistler's description. Deputy Schaffer found the suspect near the Madison County and Yazoo County line. The suspect had scratches on his neck and arm. Schaffer searched the vehicle but did not find a pistol. Tim Davis, operator of a wrecker service, towed the truck back to Davis's shop in Yazoo County. Davis had a truck similar to McMurry's. When Davis looked under the cup holder, Davis found a pistol. The pistol matched Kistler's description.
¶ 6. The Warren County Sheriff's Office placed McMurry in a line-up. Kistler identified McMurry as her kidnapper. Kistler's purse was found on the side of Highway 61. McMurry admitted that he threw Kistler's purse out of his truck after Kistler abandoned it.
¶ 7. The matter proceeded to trial. The State presented Kistler, the victim to the alleged kidnaping; Lewis, the detective who took Kistler's phone report; Schaffer, the deputy who apprehended McMurry; Davis, the tow-truck operator who found the pistol; and Bounds, the man who called 911 after Kistler fled.
¶ 8. McMurry testified in his own defense. McMurry's version of the events was similar but with a different interpretation. McMurry admitted that he picked Kistler up on the side of Highway 61. McMurry claimed that he passed her parents' driveway and could not turn his truck at the next driveway because he had his fishing boat on a trailer and did not have enough room to turn around. At that point, Kistler panicked and attacked him. Further, McMurry claimed that Kistler left his truck when he pulled off the road and stopped. Kistler left her purse so he threw it out on the side of Highway 61.
¶ 9. Testimony having been completed, the parties submitted jury instructions. McMurry presented instruction D-3 which stated: "if you can reconcile the evidence upon any hypothesis which raises a reasonable doubt consistent with [McMurry's] innocence, you should do so and find him not guilty." The State objected to the instruction and argued that the instruction was a circumstantial evidence instruction and that it was improper because direct evidence was present in the case sub judice. McMurry's attorney contended that the instruction was on reasonable doubt rather than circumstantial evidence. The circuit court agreed and allowed the jury to be so instructed. The jury returned a verdict and determined that McMurry was not guilty of kidnaping Kistler. The State appeals.

ANALYSIS

I. DID THE CIRCUIT COURT ERR IN GRANTING INSTRUCTION D-3 WHICH IS A CIRCUMSTANTIAL EVIDENCE INSTRUCTION, IN THIS, A NON-CIRCUMSTANTIAL CASE?
¶ 10. The State appeals a judgment of acquittal. The State may appeal judgments of acquittal where a question of law has been decided adversely to the state. Miss.Code Ann. § 99-35-103(b) *46 (Rev.2000). The appeal will not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but this Court must decide the question of law presented. Id.
¶ 11. Realizing that the question must be limited to a matter of law, we consider whether we must move forward in our inquiry. As for what constitutes a question of law, Black's Law Dictionary defines "question of law" as:
a question concerning the legal effect to be given to an undisputed set of facts. An issue which involves the application or interpretation of a law and hence within the province of the judge and not the jury.
Black's Law Dictionary 866 (6th ed.1991).
¶ 12. Clearly, a trial court's decision regarding proper or improper instructions involves a matter of law  particularly where the trial court instructs the jury on the State's necessary burden of proof required to convict. And, while a party is entitled to have jury instructions submitted that represent his or her theory of the case, an instruction that "incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence" need not be submitted to the jury. Agnew v. State, 783 So.2d 699(¶ 6) (Miss.2001).
¶ 13. Moving forward, we consider the State's contention that the pertinent instruction was improper because the State presented direct evidence and the instruction contained language that is only proper in cases that rely entirely on circumstantial evidence. But what is a circumstantial evidence case? The Mississippi Supreme Court has determined that a circumstantial evidence case is one in which there is no eye-witness and no confession. Keys v. State, 478 So.2d 266, 267 (Miss.1985). Although McMurry did not confess, this case was not one of circumstantial evidence. Kistler offered direct eye-witness testimony that McMurry picked her up, passed her parents' house, pulled a gun on her, locked his truck doors, and confined her against her will. Kistler also identified McMurry from a line-up and in court. Thus, the presence of direct evidence means that the case sub judice is not a circumstantial evidence case.
¶ 14. Having found that this case did not hinge entirely upon circumstantial evidence, we now consider whether the instruction at issue would only be proper in a circumstantial evidence case. Instruction D-3 instructed the jury that "if you can reconcile the evidence upon any hypothesis which raises a reasonable doubt consistent with [McMurry's] innocence, you should do so and find him not guilty." The State takes particular issue with the portion that required that the jury should "reconcile the evidence upon any hypothesis which raises a reasonable doubt consistent with innocence" before finding McMurry guilty.
¶ 15. "It is only in cases where the evidence is entirely circumstantial that the jury is required to exclude every other reasonable hypothesis than guilt." Whitlock v. State, 419 So.2d 200, 204 (Miss.1982) (citations omitted); Jones v. State, 797 So.2d 922(¶ 21) (Miss.2001) (citing Henderson v. State, 453 So.2d 708, 710 (Miss.1984)). Although the language of D-3 did not require exclusion of every reasonable hypothesis save guilt, D-3 did require reconciliation of the evidence with any hypothesis consistent with innocence. Both instructions require "ruling out" any other hypothesis that a defendant is not guilty before permitting a finding of guilt. The difference is merely one of semantics. Naturally there is no difference between excluding every hypothesis other than guilt and excluding every hypothesis consistent *47 with innocence. A hypothesis consistent with innocence is clearly a hypothesis other than guilt. Because the State presented direct evidence in this case, the evidence was not entirely circumstantial and there was no basis at law to instruct the jury according to D-3.
¶ 16. McMurry contends that D-3 is a reasonable doubt instruction, not a circumstantial evidence instruction. McMurry points out a Model Jury Instruction for circumstantial evidence:
The court instructs the jury that if the State has relied on circumstantial evidence to establish the guilt of the defendant, then the evidence for the State must be so strong as to establish the guilt of the defendant, not only beyond a reasonable doubt, but the evidence must be so strong as to exclude every other reasonable hypothesis other than that of guilt.
Mississippi Model Jury Instructions, Criminal 1:14
¶ 17. McMurry argues that the presence of the word "circumstantial" indicates that this is a circumstantial evidence instruction. However, the Model Jury Instruction clearly instructs that the jury must exclude every reasonable hypothesis other than guilt. The offending portion of D-3 contains language so similar that there is no practical difference.
¶ 18. McMurry is misplaced in arguing that D-3 is a reasonable doubt instruction. While that may very well have been the intent behind the instruction, the application is too similar to the standard circumstantial evidence instruction. The standard reasonable doubt instruction does not require examination of every reasonable hypothesis other than guilt. In fact, McMurry cited to a Model Jury Instruction for reasonable doubt:
The court instructs the jury that you are bound ... to give the defendant the benefit or any reasonable doubt of the defendant's guilt that arises out of the evidence or want of evidence in this case. There is always a reasonable doubt of the defendant's guilt when the evidence simply makes it probable that the defendant is guilty. It is only when, after examining the evidence on the whole, you are able to say on your oaths, beyond a reasonable doubt, that the defendant is guilty that the law will permit you to find him/her guilty....
Mississippi Model Jury Instructions, Criminal 1:8.
¶ 19. This instruction omits the necessity of examination of every reasonable hypothesis other than guilt. Accordingly, since the application of D-3 is the same as a circumstantial evidence instruction, rather than a reasonable doubt instruction, it was improper to instruct the jury on D-3 in a case where the State offered direct evidence. This finding has no bearing on the case sub judice. As stated previously, McMurry was acquitted by a jury of his peers and we may not reverse his acquittal.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED AS TO THE JURY VERDICT OF ACQUITTAL. THIS COURT FINDS, AS A MATTER OF LAW, THAT THE CIRCUIT JUDGE ERRED IN GRANTING INSTRUCTION D-3, A CIRCUMSTANTIAL EVIDENCE INSTRUCTION IN A NON-CIRCUMSTANTIAL EVIDENCE CASE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.