PIERCE, Justice,
dissenting:
¶49. Respectfully, I dissent from the plurality’s decision to reverse Charles David Burleson’s conviction for failure to grant a circumstantial-evidence instruction. As previous members of this Court have recognized and expressed, this instruction is a mere restatement of the reasonable-doubt burden of proof and serves no real purpose, and I am in accord with those who have called for its abolition. See Mack v. State, 481 So.2d 793, 796 (Miss.1985) (Robertson, J., concurring); Montgomery v. State, 515 So.2d 845, 849 (Miss.1987) (Robertson, J., concurring); King v. State, 580 So.2d 1182, 1192 (Miss.1991) (Banks, J., concurring); Stringfellow v. State, 595 So.2d 1320, 1322 (Miss.1992) (Pittman, J., concurring).
¶ 50. Criticism of the instruction is best summarized in Justice Robertson’s concurring opinion in Mack, in which he opined:
Upon reflection, it seems that the circumstantial evidence instruction and the many battles this Court has fought regarding when it should be given may in reality be much ado about nothing. If an accused’s guilt is established to the exclusion of every reasonable hypothesis consistent with innocence, then it may be said that he has been found guilty beyond a reasonable doubt. Conversely, if the evidence has not excluded from the juror’s mind a reasonable hypothesis consistent with innocence, it follows that the State has not established guilt beyond a reasonable doubt. After all, what — and all — that is constitutionally required is that the accused’s guilt be established beyond a reasonable doubt, period. See Jackson v. Virginia, 443 *515 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Mack, 481 So.2d at 797 (Robertson, J., concurring) (emphasis in original).
¶ 51. Indeed, the United States Supreme Court has rejected the notion that a circumstantial-evidence instruction must be given in any criminal case lacking direct evidence. Holland v. U.S., 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). In Holland, the Court held that “the better rule is that where the jury is properly instructed on the standards of reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect.” Id. at 140, 75 S.Ct. 127 (citations omitted). The Court reasoned:
Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

Id.

¶ 52. In reliance on Holland, the federal courts have abolished any distinctions between direct and circumstantial evidence, both in addressing jury instructions and in judging the sufficiency of the evidence.[4] A majority of the states have followed suit.[5] Review of the decisions of *516 other jurisdictions applying Holland reveals several compelling concerns with the instruction.
¶ 53. First, due to the difficulty of identifying certain evidence as “circumstantial” or “direct,” courts have long struggled to identify accurately the circumstances in which rules regarding circumstantial evidence should be applied. More than twenty years ago, Justice Robertson noted that “[cjareful, but not exhaustive, research” revealed eighteen different articulations of the test for determining when the circumstantial-evidence instruction should be given. See Montgomery, 515 So.2d at 849-50. While this Court recently has endeavored to establish a more uniform rule, see Kirkwood, 52 So.3d at 1186-87; McInnis, 61 So.3d at 876, it is beyond argument that “evidence in criminal cases does not fit into two nice, neat, mutually exclusive categories: direct and circumstantial. There are too many shades of gray. Most trials are full of evidence from one end of the spectrum to the other.” Keys v. State, 478 So.2d 266, 268 (Miss.1985).
¶ 54. Once a court has undertaken the complicated, and in some cases impracticable, task of determining whether a circumstantial-evidence instruction is warranted, another problem arises. The simple act of giving the instruction in one class of cases, but not in others, erroneously implies that there is a legally significant distinction between circumstantial and direct evidence. The Holland Court confirmed that these categories of evidence are “intrinsically no different.” Holland, 348 U.S. at 140, 75 S.Ct. 127.
¶ 55. Mississippi already follows the above line of reasoning. Under this Court’s precedent, “[circumstantial evidence is entitled to the same weight and effect as direct evidence and this Court has upheld convictions based solely on circumstantial evidence.” Cardwell v. State, 461 So.2d 754, 761 (Miss.1984) (citations omitted). See also Bogard v. State, 233 So.2d 102, 105 (Miss.1970) (citations omitted) (“[I]t has been held generally and also by this Court that circumstantial evidence is not inferior to direct evidence when all of the facts are considered.”).
¶ 56. Burleson argues that, while direct and circumstantial evidence may have equal probative value in some cases, the manner in which the jury analyzes the evidence is different. No, not really, as the Honorable Learned Hand recognized even prior to Holland:
All conclusions have implicit major premises drawn from common knowledge; the truth of testimony depends as much upon these, as do inferences from events. A jury tests a witness’s credibility by using their experience in the past as to similar utterances of persons in a like position. That is precisely the same mental process as when they infer from an object what has been its past history, or from an event what must have proceeded [sic] it. All that can be asked is that the importance of the result to the accused shall demand a corresponding certainty of his guilt; and this *517 is commonly and adequately covered by telling them that the conclusion shall be free from fair doubt. To elaborate this into an inexorable ritual, or to articulate it for different situations, is more likely to impede, than to promote, their inquiry.
U.S. v. Becker, 62 F.2d 1007, 1010 (2d Cir.1938). The circumstantial-evidence instruction does not instruct the jury in any way concerning the differences between the two categories of evidence or how to analyze them. The circumstantial-evidence instruction “only serves to confuse laymen into supposing that they should use circumstantial evidence otherwise than testimonial.” State v. Harvill, 106 Ariz. 386, 476 P.2d 841, 844 (1970) (quoting Becker, 62 F.2d at 1010).
¶ 57. In my opinion, the most problematic aspect of the instruction is that the additional “reasonable hypothesis” language suggests to the jury that the State is held to a distinct and higher burden of proof in cases lacking a confession from the defendant or eyewitness testimony to the gravamen of the offense. This implicates not only the jury’s duty as the trier of facts at trial, but this Court’s responsibility to judge the sufficiency of the evidence on appeal. The United States Supreme Court has rejected the notion that the burden of proof is somehow heightened in “circumstantial-evidence cases,” holding that, in all criminal cases, the Constitution requires that the prosecution must establish all elements of the offense against the accused beyond a reasonable doubt. See Jackson, 443 U.S. at 315, 99 S.Ct. 2781; In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). “Indeed, so long as the court instructs the jury on the necessity that the defendant’s guilt be established beyond a reasonable doubt, ... the Constitution does not require that any particular form of words be used in advising the jury of the government’s burden of proof.” Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1993) (citations omitted). Even in jurisdictions where the instruction has not yet been abolished, courts are in agreement that the level of proof necessary to convict a defendant is not affected merely by the categories of evidence presented at trial. See, e.g., Brown v. State, 260 Ga. 153, 391 S.E.2d 108, 110 n. 2 (1990) (rejecting defendant’s argument that Georgia’s statutory circumstantial-evidence rule imposes a stricter standard of review, and recognizing that “in order for wholly circumstantial evidence to authorize a rational trier of fact in finding the defendant guilty beyond a ‘reasonable’ doubt, it would have to exclude every ‘reasonable’ hypothesis save that of guilt”); State v. Wright, 445 So.2d 1198 (La.1984) (holding that Louisiana’s statutory circumstantial-evidence rule does not create a standard separate from Jackson v. Virginia, but is an evidentiary guideline to facilitate appellate review of whether a reasonable juror could have found a defendant guilty beyond a reasonable doubt); People v. Towler, 31 Cal.3d 105, 181 Cal.Rptr. 391, 641 P.2d 1253, 1259-60 (1982) (holding that the circumstantial-evidence instruction is “primarily for the guidance of the trier of fact” and does not create a stricter standard of review in circumstantial-evidence cases).
¶ 58. In accord with this reasoning, this Court has recognized that instructing the jury only on the reasonable-doubt standard is, “practically speaking, no less stringent than a circumstantial instruction requiring the jury to find the accused’s guilt beyond a reasonable doubt and ‘to the exclusion of every reasonable hypothesis other than that of guilt.’” Stringfellow, 595 So.2d at 1322 (emphasis added). The majority in Stringfellow shared Justice Robertson’s criticism in Mack that “[i]f a juror has a reasonable doubt of the defen *518 dant’s guilt, certainly there is a reasonable hypothesis consistent with innocence.” Id. Thus, the addition of a circumstantial-evidence instruction “suggests that a unique standard governs cases in which the evidence of guilt is entirely circumstantial, that the burden of proof in those cases is different in some fundamental respect.” People v. Bryant, 113 Ill.2d 497, 101 Ill.Dec. 825, 499 N.E.2d 413, 419 (1986). “Rather than aiding jurors in applying the reasonable doubt standard, an additional charge on circumstantial evidence focusing on the ‘reasonable hypothesis’ theory serves only to distract jurors from examining the proper standard of proof as the primary focus of their deliberations.” Hankins v. State, 646 S.W.2d 191, 199 (Tex.Ct.Crim.App.1981).
¶ 59. Today, I would clarify for our jurisprudence that one standard of proof applies in all criminal cases in Mississippi: the State bears the burden of proving every element of the offense beyond a reasonable doubt.[6] See Winship, 397 U.S. at 364, 90 S.Ct. 1068; Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781. The reasonable-hypothesis “standard” found in our circumstantial-evidence instruction merely repeats the proper burden of proof in different terms, and the instruction imper-missibly attempts to add vocabulary to the reasonable-doubt standard. “The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.” Victor, 511 U.S. at 5, 114 S.Ct. 1239. Antithetically, this Court has long prohibited the lower courts of this State from attempting to define the term “reasonable doubt” through jury instructions, finding that the term is “obscure and it must be assumed that the members of the jury were men of ordinary intelligence and capable of understanding their meaning.” Cannon v. State, 190 So.2d 848, 851 (Miss.1966). Distinctions among “reasonable doubt, all possible doubt, beyond a shadow of a doubt, and the like,” are not properly the subject of jury instructions. Heidelberg v. State, 584 So.2d 393, 396 (Miss.1991). Reasonable doubt is synonymous with a reasonable hypothesis other than that of guilt, and this Court’s continued support of the circumstantial-evidence instruction contradicts our own admonition that reasonable doubt should not be defined by the courts.
¶ 60. Burleson urges this Court to refrain from joining the growing number of jurisdictions that have abolished the circumstantial-evidence instruction, arguing that an important distinction exists in Holland that diminishes its persuasive power to this Court. Burleson points out that the Holland Court’s holding was based on a federal rule entitling a criminal defendant to a jury instruction defining the *519 term “reasonable doubt.” See Holland v. U.S., 209 F.2d 516, 523 (10th Cir.1954). Because the jury in Holland was “properly instructed on the standards of reasonable doubt” in accordance with this rule, the Court held that no further instruction was required. Holland, 348 U.S. at 140, 75 S.Ct. 127. Burleson claims that, because Mississippi courts do not give definitional instructions on reasonable doubt, Holland should have no bearing on this Court’s decision regarding the propriety of the circumstantial-evidence instruction.
¶ 61. As stated above, courts are neither prohibited from nor required to define the reasonable-doubt standard. Victor, 511 U.S. at 5, 114 S.Ct. 1239. Rather, as the Holland Court held, “taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.” Holland, 348 U.S. at 140, 75 S.Ct. 127. In abolishing its circumstantial-evidence instruction, the Supreme Court of Illinois rejected an argument identical to the one presented by Burleson, holding:
We are not persuaded that in the absence of a definition of reasonable doubt the “reasonable theory of innocence” charge must be retained as a sort of proxy for a definition of that term. The question whether the instruction should be retained is, we believe, distinct from the question of whether reasonable doubt must be defined. We do not consider here whether an instruction defining reasonable doubt is necessary; if one were required, we see no reason why the same definitional instruction would not be used in all cases, no matter whether the evidence of guilt was wholly direct, wholly circumstantial, or a mixture of the two. Thus, no purpose is served by preserving here, for this category of cases, an instruction that is at once obscure and misleading.
Bryant, 101 Ill.Dec. 825, 499 N.E.2d at 419-20. I find the Bryant Court’s reasoning persuasive. As stated above, the State’s burden of proof remains the same in all cases regardless of whether it produces direct evidence of the crime. Because an additional circumstantial-evidence instruction is required only in certain classes of cases, without explanation to the jury, it is both duplicitous and misleading.
¶ 62. While I remain adherent and reverential to stare decisis, the careful and thoughtful analysis of other courts addressing this issue leads me to the conclusion that the circumstantial-evidence instruction serves no legitimate purpose and should no longer be used. Abolishing the circumstantial-evidence instruction will serve the beneficial purpose of eliminating the “aggregate hodgepodge” of precedent attempting to explain when the instruction is warranted. See Montgomery, 515 So.2d at 849 (Robertson, J., concurring). It also will “promote uniformity and eliminate the endless arguments over whether a case is circumstantial or direct.” King, 580 So.2d at 1195 (Banks, J., concurring). And, most importantly, it will establish consistency in this Court’s review of the sufficiency of the evidence in all criminal cases.
¶ 63. Here, Burleson’s proffered instruction did not provide any legally significant information that was not covered elsewhere in the instructions actually given to the jury. All of the evidence presented against him, whether direct or circumstantial, was entitled to the same weight and effect. The jury was properly'instructed on the presumption of innocence and the State’s burden of proving every material element of the crime charged beyond a reasonable doubt. The jury also was instructed that a reasonable doubt could arise from a lack of evidence, insufficiency of the evidence, or a conflict in evidence. Having been so instructed, it was the *520 jury’s duty to determine, based on all the evidence presented, whether the evidence established each element of the offenses charged beyond a reasonable doubt.
¶ 64. I see no logical reason to continue to require trial courts to give an instruction that provides the jury with no legally relevant information, but serves only to confuse the jury’s duty as the finder of fact. For these reasons, I would abolish the so-called circumstantial-evidence instruction. And I would find Burleson’s assignment of error to be without merit.
¶ 65. Lastly, I would not address Burle-son’s claim that the trial court erred in allowing the State to amend the indictment to include habitual-offender status under Mississippi Code Section 99-19-83 (Supp. 2014). There is no controversy for our review since the State withdrew the habitual-offender charge. And this Court does not issue advisory opinions. Nelson v. State, 72 So.3d 1038, 1045 (Miss.2011).
RANDOLPH, P.J., AND LAMAR, J., JOIN THIS OPINION.

. See U.S. v. Johnson, 713 F.2d 633, 653 (11th Cir.1983); U.S. v. Atnip, 374 F.2d 720, 722 (7th Cir.1967); Wood v. U.S., 361 F.2d 802, 806 (8th Cir.1966); Dirring v. U.S., 328 F.2d 512, 515 (1st Cir.1964); Strangway v. U.S., 312 F.2d 283, 285 (9th Cir.1963); Hunt v. U.S., 316 F.2d 652, 654 (D.C.Cir.1963); U.S. v. Thomas, 303 F.2d 561, 563 (6th Cir.1962); U.S. v. Moia, 251 F.2d 255, 258 (2d Cir.1958); Corbin v. U.S., 253 F.2d 646, 649 (10th Cir.1958); U.S. v. Allard, 240 F.2d 840, 841 (3d Cir.1957); Brewer v. U.S., 224 F.2d 189, 191 (5th Cir.1955).

. See State v. Logan, 405 S.C. 83, 747 S.E.2d 444, 452 (2013) (requiring trial courts to give a jury instruction that defines direct and circumstantial evidence, explains that neither category of evidence is entitled to greater weight, and imposes the reasonable-doubt burden of proof); State v. Dorantes, 331 S.W.3d 370 (Tenn.2011); Ex parte Carter, 889 So.2d 528 (Ala.2004); State v. Humpherys, 134 Idaho 657, 8 P.3d 652 (2000); State v. Guthrie, 194 W.Va. 657, 461 S.E.2d 163 (1995); State v. Grim, 854 S.W.2d 403 (Mo.1993); State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492, 503 (1991), superseded by constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997); Commonwealth v. Sanders, 380 Pa.Super. 78, 551 A.2d 239 (1988); People v. Bryant, 113 Ill.2d 497, 101 Ill.Dec. 825, 499 N.E.2d 413 (1986); State v. Adcock, 310 N.C. 1, 310 S.E.2d 587 (1984); Hankins v. State, 646 S.W.2d 191 (Tex.Crim.App.1983); State v. Smith, 434 A.2d 664, 668 (Conn.1981); State v. Derouchie, 140 Vt. 437, 440 A.2d 146 (1981); Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981); State v. Eagle, 611 P.2d 1211 (Utah 1980); State v. Turnipseed, 297 N.W.2d 308 (Minn.1980); State v. O'Connell, 275 N.W.2d 197 (Iowa 1979); State v. Roddy, 401 A.2d 23 (R.I.1979); State v. Bell, 90 N.M. 134, 560 P.2d 925 (1977); State v. Bush, 58 Haw. 340, 569 P.2d 349 (1977); State v. Cowperthwaite, 354 A.2d 173 (Me.1976); Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); State v. Gosby, 85 Wash.2d 758, 539 P.2d 680 (1975); Blakely v. State, 542 P.2d 857 (Wyo.1975); People v. Austin, 185 Colo. 229, 523 P.2d 989 (1974); State v. Draves, 18 Or.App. 248, 524 P.2d 1225 (1974); State v. Wilkins, 215 Kan. 145, 523 P.2d 728 (1974); Henry v. State, 298 A.2d 327 (Del.1972); Murray v. State, 658 S.W.2d 438, 442-43 (Ark.1971), but see Ward v. State, 280 Ark. 353, 658 S.W.2d 379 (1983); State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970); Allen v. State, 420 P.2d 465 (Alaska 1966); State v. Ray, 43 N.J. 19, 202 A.2d 425 (1964); Hol *516 land v. Commonwealth, .323 S.W.2d 411 (Ky.1959). See also Hebron v. State, 331 Md. 219, 627 A.2d 1029 (1993) (holding that the “reasonable hypothesis” test is a matter of eviden-tiary sufficiency to be determined by the court, and not the proper subject of jury instructions); People v. Seabrooks, 135 Mich. App. 442, 354 N.W.2d 374 (1984) (holding that a circumstantial-evidence instruction should be given only “where the circumstantial evidence against the defendant is weak.”); Johnson v. State, 632 P.2d 1231 (Okl.Crim.App.1981) (holding that the "reasonable hypothesis” test may be used by the court in testing the sufficiency of the evidence, but that it should be included in the jury instructions only to cure some other grossly misleading instruction).

. In so holding, we reject Burleson's argument that the Court of Appeals has held that the reasonable-hypothesis “standard” is distinct from the general reasonable-doubt standard. See State v. McMurry, 906 So.2d 43, 47 (Miss.Ct.App.2004). In McMuny, the State appealed the defendant's acquittal, arguing that the trial court erred in giving what was essentially a circumstantial-evidence instruction. The Court of Appeals held that the instruction should not have been given because the evidence against the defendant was not entirely circumstantial. Id. The Court of Appeals rejected the defendant’s argument that the instruction was a reasonable-doubt instruction, noting that “the standard reasonable doubt instruction does not require examination of every reasonable hypothesis other than that of guilt.” Id. But the Court of Appeals did not hold that the "reasonable hypothesis” language in the defendant’s instruction imposed a higher burden of proof. Rather, the Court of Appeals merely recognized that the Mississippi Model Jury Instruction for reasonable doubt, unlike the defendant's proffered instruction, did not include the "reasonable hypothesis” language. See id.