NESTER *v.* STATE

No. 43687          November 8, 1965          179 So. 2d 565

*Maurice R. Black,* Carrollton, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

Appellant appeals to this Court from a conviction of manslaughter and a sentence to fifteen years in the State penitentiary by the Circuit Court of Leflore County. We find error in the proceedings as hereinafter stated and the case is reversed and remanded for another trial.

On or about October 1, 1961, the body of Cecil Floyd, Jr., was found between the rails of the Illinois Central main line about two or three miles south of Greenwood. During the May 1964 term of circuit court, the appellant, Scott Elliott and Phillip Bennett were indicted for the murder of the said Floyd, but appellant was granted a severance. The facts disclosed were briefly these. The decedent was found on the said track. Highway 49 runs generally in a northerly and southerly direction, and insofar as we can tell from the record, is substantially parallel to the railroad track and anywhere from 200 to 400 yards east of said line. On the west side of Highway 49 is a place operated by Scott Elliott and known as "Scotty's." The appellant was a bouncer there; Phillip Bennett was a customer on the night before the body of the deceased was found; about midnight some trouble developed between the decedent and the three indictees. According to the State's evidence, they took him behind the building and proceeded to beat him; it is not evident whether they used their fists, or their feet, or clubs. No one saw the defendant or his co-indictees place the decedent upon the tracks, and for the jury to so find it had to infer same from the facts shown.

There was no evidence introduced showing blood at the place of the fight. As best we can tell from the

record, the space between "Scotty's" and the railroad was covered with weeds; there was no evidence of a car having traveled through this space, nor any signs or tracks of persons walking over same. It had rained early that morning or late that night; the track had ballast of slag, and where the body was found, although it was mangled, there was very little blood. No proof was tendered as to an inspection of the train. One of decedent's shoes was found south of the body.

Appellant offered a witness whose credibility was not attacked, who was not cross-examined, and was not contradicted (unless by the facts hereinbefore stated). He testified that he knew Cecil Floyd, Jr., and about one o'clock A.M., he saw him walking away from "Scotty's" along Highway 49 about 100 yards north thereof.

██ █ The theory of the State was that the three indictees either killed the decedent in the fight or that he was rendered unconscious or helpless and carried and placed between the rails of the said track. A train went north at 2:30 A.M., and another about six or seven A.M. The appellant's theory was that the decedent, being intoxicated, had left "Scotty's" and somehow wandered upon the track where he was killed by a train.

One of the assignments of error is that the court erroneously refused to the defendant what we know as the two-theory instruction given in circumstantial cases. The court had given the State an instruction that the charge of murder might be proven by circumstances, but refused the defendant the two-theory instruction. The evidence in this case was so circumstantial as to require the giving of the two-theory instruction and it was prejudicial error for the court to refuse it. Alexander, Mississippi Jury Instructions § 172 (1953).

We deem it unnecessary now to discuss the other questions presented.

Reversed and remanded.

*Ethridge, P. J., and Gillespie, Brady and Smith, JJ.,* concur.