JONES, Justice:
This is a companion case to that of Nester v. State, 254 Miss. 25, 179 So.2d 565 (1965), and Elliott v. State, 183 So.2d 805 (Miss.1966). The appellant was tried separately from his joint indictees, convicted' of manslaughter and sentenced to fifteen, years in the penitentiary.
Appellant assigns as error those assignments mentioned in Elliott, supra, except the one designated (d). In addition to those, he also assigns as error the denial of an application for a continuance.
The application was made because of the-inability to obtain the presence for this trial of Scott Elliott, who had been tried previously and convicted. It alleged the whereabouts of the witness to be unknown, after diligent search and inquiry, and to have-been unknown since affirmance of his case-by this Court.
These matters are largely within-the discretion of the judge, and we cannot see where he abused his discretion in overruling the application for continuance.
The facts in the Elliott case, supra, as-stated in the opinion, are for all practical purposes the facts that were proven in the-instant case, with the additions hereinafter-stated.
Marjorie Stevens, whose testimony is-given in the Elliott case, also testified in-the instant case. The homicide occurred on or about October 1, 1961, and it was shown on cross-examination that on October 6, 1961, Marjorie R. Alderman (who was the same person as Mrs. Marjorie Stevens), the-witness, gave a statement to. the police in- *887 vestígator of the City of Greenwood, a. p.art -of which was as follows:
"I left there at one o’clock a. m. The last time I saw the Floyd boy, he was standing outside with several boys, when I left. He was talking to the boys. I did not recognize any of them or notice the make or model of the car. I did know •anyone but Scotty and Helen. There were other people but I did not know them. There was no one go' (sic) or leave (sic) that place.”
It was sought to impeach her testimony by the introduction of this statement which she admitted making and gave as her reason that she was afraid of reprisals.
She testified in furtherance of her statement that she was afraid when she gave the statement she had received threatening telephone calls which started shortly after the -occurrence. She did not remember how many calls she had, but she said, “I got plenty of them — I did not count them.” She received telephone calls before she talked to Mr. Smith, the person to whom she gave this statement, and she had also received telephone calls since then.
Her credibility, of course, was something for the jury to pass upon and it seems to be a matter of common knowledge that many people are afraid to expose themselves to reprisals by those charged with crime.
The witness, Charles Wiggins, testified •substantially as shown in the report of the Elliott Case with this addition. In this trial be said that when the car carrying Floyd reached the intersection of Highway 49 and Highway 82, it turned left toward the Air Base and went across the railroad, then turned left toward the place where the body of the deceased was found.
In addition to the facts shown in the •earlier case, it was shown also by evidence that, when Floyd bumped into Bennett, Bennett cursed and said, “I told you that if you ■ever touched me again that I was going to kill you,” or, “I .told you I would kill you, you - -."
It was also shown that when Floyd was attempting to make the telephone call which was neyer completed, he was saying words to this effect: “Help me, I-have been trying to get you all night to help me, come and help me.”
As to the corpus delicti and evidence generally, we think what was said in Elliott is applicable here.
Also, what was said,in the Elliott case about the testimony of Charles Wiggins and Marjorie Stevens is true in this case.
It is insisted that the witness Stigler’s testimony is not contradicted or impeached in any way. The jury had the right to, consider the evidence introduced by the State as an impeachment, of Stigler, and it was not bound to accept his testimony regardless of all other facts in the case. We, therefore, affirm the case. ■ ■
Affirmed.
All Justices concur, except PATTERSON and SMITH, JJ¡, who dissent.