347 So.2d 358 (1977)
William Lee JOHNSON
v.
STATE of Mississippi.
No. 49630.
Supreme Court of Mississippi.
May 18, 1977.
Rehearing Denied July 13, 1977.
*359 Leslie C. Gates, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
William Lee Johnson was indicted, tried, and convicted of armed robbery by the Circuit Court of Lauderdale County, and from a life sentence, he appeals here. We affirm.
Three errors are assigned in the rulings of the trial court:
(1) The trial court failed to sustain appellant's motion to exclude certain evidence obtained through a search of appellant's automobile;
(2) The trial court refused appellant's requested Instruction D-4, which was a two-theory instruction; and
(3) The court overruled appellant's motion for judgment notwithstanding the verdict.
Around midnight on November 18, 1975, the night clerk of 8-Days Inn in Meridian noticed a 1968 or 1969 blue Pontiac automobile with a white top and dented right fender being driven through the motel parking lot several times. The last time, it continued to the back of the motel, and a short while later, two black males entered the motel and demanded money. One was tall and thin, he was wearing a black leather jacket, a pair of blue jeans, and he had a blue and white handkerchief over his face. The other wore a brown jacket, he had a red and white handkerchief over his face, and he carried a pistol. Jones put the money ($119.00) into a bank bag and the two men left, whereupon, Jones notified the police and gave them a description of the automobile and the robbers.
Approximately forty-five (45) minutes later, two police officers spied a car parked on a roadside fitting the description, even to the dented fender, given them by the motel operator. They drove up to the car, which was occupied by two black males and two black females, and got out. (Another couple stood outside the car). As they approached it, they noticed that the driver (appellant) had on a black leather coat. All occupants were ordered out of the car, and the police, seeing that appellant fit the description given them by the night clerk, ("He was tall, wore a black leather coat and jeans"), placed him under arrest. The officers also saw three coats on the back seat of the appellant's vehicle, they took all the occupants to the police station, along with the car, and, after arriving at the police station, searched the automobile, found that the pocket of one coat contained a .22 pistol and another a blue and white handkerchief, and that a purse of one female contained a red and white handkerchief.
Frank Lloyd, one of the occupants of the car, testified that he, appellant and Woodrow Johnson planned to rob the 8-Days Inn, that they drove through the motel several times, he was afraid they had been seen, he *360 became involved in an argument with Woodrow, and backed out of the planned robbery. Appellant let him out of the car at another place in town, and Woodrow Johnson borrowed Lloyd's pistol. The Johnsons left, and, a short while later, returned, picked up Lloyd, along with three girls, and the individuals were in the vehicle at the time the officers saw it. Appellant filed a motion to exclude the evidence obtained by search of the vehicle, along with the evidence of the black leather coat worn by appellant, on the ground that there was no probable cause for the arrest and search.

I.
Did the court err in declining to sustain appellant's motion to exclude the evidence?
Under the facts stated above, the officers had probable cause to arrest Johnson and they had probable cause to search the vehicle. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Wolf v. State, 260 So.2d 425 (Miss. 1972); Norwood v. State, 258 So.2d 756 (Miss. 1972); Powe v. State, 235 So.2d 920 (Miss. 1970).
The automobile was taken into possession of the police at the same time the occupants were arrested. The officers had already seen the coats on the back seat and when they arrived at the police station they removed the coats therefrom. The search was lawful under those circumstances and the procedure has been approved in Wolf v. State, supra, and Dorsey v. State, 243 So.2d 550 (Miss. 1971).
Appellant contends that his arrest was unlawful in that it violated that part of Mississippi Code Annotated Section 99-3-7 (1972) which states: "... And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."
the officers told appellant that he was under arrest for investigation. Without question, the officers had lawful authority to arrest appellant under the circumstances, and the arrest was proper. Klingler v. United States, 409 F.2d 299 (8th Cir.1969); Bennett v. State, 211 So.2d 520 (Miss. 1968); Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962).

II.
Did the trial court err in refusing appellant's requested Instruction D-4?
Appellant requested and was refused Instruction D-4 [See Appendix I]. He was granted Instruction D-6 [See Appendix II]. The Instruction D-4 was the only instruction which told the jury that before the defendant could be found guilty the jury must believe him guilty "to the exclusion of every reasonable hypothesis consistent with his innocence." However, Instruction D-6 told the jury that, if there was any circumstance susceptible to two reasonable interpretations, one favorable and the other unfavorable to the accused, and "they are in doubt as to which is the correct interpretation," such doubt shall be in favor of the accused. That instruction did not require the jury to have a reasonable doubt, and is stronger for the appellant than the wording of Instruction D-4 "a reasonable hypothesis."
The two-theory instruction may be given only in an entirely circumstantial evidence case. The present case is not entirely circumstantial because Lloyd testified about the preliminary planning and casing of the motel with appellant and Woodrow Johnson, he testified about an argument at the motel, and that he loaned them his pistol. An employee of the motel testified that he saw the vehicle at the motel prior to the robbery and heard the loud argument between two individuals in the car. Appellant's defense was an alibi. We are of the opinion that there is no merit in this assignment of error.

III.
Did the trial court err in refusing to enter a judgment notwithstanding the verdict?
*361 Appellant did not request a peremptory instruction or a directed verdict. However, we treat the motion for a judgment notwithstanding the verdict as if a peremptory instruction had been requested. The evidence of appellant's guilt was overwhelming, and, had a motion for directed verdict or request for peremptory instruction been made, the trial court properly would have overruled them. Therefore, this assignment of error is without merit.
There being no errors in the trial of the case, it must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.

APPENDIX I

"JURY INSTRUCTION D-4
The court instructs the jury for the defendant that before you can find the defendant guilty, you must believe from the evidence beyond reasonable doubt and to the exclusion of every reasonable hypothesis consistent with his innocence, that he is in fact guilty."

APPENDIX II

"JURY INSTRUCTION D-6
The court instructs the jury that if there be any fact or circumstance in the case susceptible to two reasonable interpretations, one favorable and the other unfavorable to the accused, and when the jury have considered such fact or circumstance in connection with all the other evidence they are in doubt as to which is the correct interpretation, they must resolve such doubt in favor of the accused and place upon such fact or circumstance the interpretation favorable to him."