453 So.2d 708 (1984)
John T. HENDERSON
v.
STATE of Mississippi.
No. 54973.
Supreme Court of Mississippi.
August 1, 1984.
Herman F. Cox, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
John T. Henderson was convicted of possession of cocaine in violation of Mississippi Code Annotated § 41-29-139 (1972), in the Circuit Court of the First Judicial District of Harrison County. He was sentenced to a term of three years in the Department of Corrections and fined Twenty Thousand Dollars. The fine was suspended conditioned upon Henderson serving the entire three year term.
Henderson appealed and assigned as error:
1. That the trial court erroneously refused jury instructions on the burden of proof in the circumstantial evidence case; and
2. That the verdict was against the overwhelming weight of the evidence.
*709 We reverse and remand for a new trial because the case against Henderson was based on wholly circumstantial evidence and therefore the requested instruction should have been granted.
On the evening of November 27, 1981, Mrs. Lynn Wakefield arrived at her home in Gulfport and there found her son, Roger Garon, and his girl friend, Wendy Jackson, in Garon's upstairs bedroom. Shortly before 9:00 p.m., two young men came to the house to see Garon. One of these men was Henderson. When she found her son's door shut, Mrs. Wakefield called the Gulfport police. One of the young men came downstairs before the police arrived. Mrs. Wakefield never saw Henderson leave her house that night.
Officer Steve Gorenflo was one of the policemen responding to Mrs. Wakefield's call for assistance. She gave him permission to enter the house and accompanied him to the second floor, but did not enter her son's room.
When Officer Gorenflo entered the room, Garon and Jackson were seated at the left side of the room and Henderson was standing next to a chest of drawers on the right side of the room with his back to the officer.
When Henderson turned to face Gorenflo, the officer saw four hypodermic syringes and glasses of water on top of the chest. Henderson made two efforts to push past Gorenflo; failing in this, Henderson dove headlong out the second floor window and thus exited the room. Gorenflo seized the four syringes, three of which contained cocaine, and also a spoon containing cocaine.
At the conclusion of the state's case, Henderson moved for a directed verdict on the ground that the state had failed to prove its case. When the motion was overruled, the appellant proceeded to put on his proof. Garon, testifying for Henderson, substantially contradicted the testimony of his mother and of Officer Gorenflo. According to Garon, Henderson did not do drugs, and had only been in the room briefly when the police arrived. Garon also testified that Henderson did not know there was cocaine in the room, and that the cocaine was not visible on the chest of drawers when Officer Gorenflo entered the room. Garon did not offer any explanation for Henderson's method of departure.
When Henderson proceeded to put on his proof, he waived his assignment of error that the trial court should not have overruled his motion for a directed verdict. This is in keeping with well-settled Mississippi law. Fields v. State, 293 So.2d 430, 432 (Miss. 1974).
After all the evidence was in the appellant offered two jury instructions which were refused. Instruction D-10 reads:
The Court instructs the Jury that if you can reconcile the evidence upon any reasonable hypothesis consistent with the Accused's innocence, you should do so and find him not guilty.
Instruction D-6 reads:
The Court instructs the Jury that if there be a fact or circumstance in this case susceptible of two interpretations, one favorable and the other unfavorable to the accused, when the Jury has considered such fact or circumstance with all other evidence, there is a reasonable doubt as to the correct interpretation, then you, the Jury, must resolve such doubt in favor of the accused, and place upon such fact or circumstance the interpretation most favorable to the accused.
The case against Henderson was based upon his constructive possession of cocaine found on premises that did not belong to him. He was never seen with the cocaine in his hands.
Constructive possession is discussed in Curry v. State, 249 So.2d 414 (Miss. 1971):
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of *710 it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Id. at 416.
The state may show that the accused had knowledge of the presence and character of the contraband and was in constructive possession of it through the use of circumstantial evidence. Martin v. State, 413 So.2d 730, 732 (Miss. 1982).
From the record, it is plain that the state attempted to prove the elements of constructive possession through evidence that was entirely circumstantial. The principal facts constituting the crime all had to be inferred from other facts proven by the state. First, the state relied upon the fact that Henderson was seen standing before a chest of drawers on which the syringes and spoon were found in order to prove that he was aware of the presence and character of the contraband. Officer Gorenflo admitted that he could not testify to his own knowledge that Henderson actually saw the syringes and spoon. The proof that the drugs were under his dominion and control was likewise indirect because the state established merely that he was standing in front of the chest of drawers where the drugs were found. Finally, the state depended upon the fact that there were three prepared syringes in the room with Henderson and two others for the additional incriminating evidence necessary to turn his proximity to the drugs into a connection amounting to constructive possession.
In this case the trial court erred in refusing to give these two instructions on circumstantial evidence. Where all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict. Sanders v. State, 286 So.2d 825, 828 (Miss. 1973); Matula v. State, 220 So.2d 833, 836 (Miss. 1969). Also where the evidence is purely circumstantial, the trial court must grant a "two-theory" instruction such as D-6. Johnson v. State, 347 So.2d 358, 360 (Miss. 1977); Nester v. State, 254 Miss. 25, 29, 179 So.2d 565, 566 (1965).
For the same reason that the defendant's circumstantial evidence instructions should have been granted, the objection to jury instruction C-13 should have been sustained. This instruction only required the state to prove the defendant was guilty beyond a reasonable doubt, and it did not set forth the burden or proof required in the circumstantial evidence case. For the reasons already set out, this error is well taken because the court's instruction on the burden of proof was improper.
We do not reach the appellant's other assignment of error as we have determined that this case should be remanded for a new trial because jury instructions required in a circumstantial evidence case were refused.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.