467 So.2d 946 (1985)
Nathan Eugene BURNHAM
v.
STATE of Mississippi.
No. 55546.
Supreme Court of Mississippi.
April 24, 1985.
Rex K. Jones, Hattiesburg, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and SULLIVAN, JJ.
DAN M. LEE, Justice, for the Court:
Nathan Eugene Burnham was found guilty in the Circuit Court of Wayne County of possession of more than one ounce of marijuana. In this appeal Burnham attacks the sufficiency of the evidence by asserting that the trial court erred in failing to sustain his motion for a directed verdict. After thoroughly examining the record, we conclude that Burnham is correct that there was legally insufficient evidence to find him guilty of possession of the marijuana.
The state's case was primarily presented through the testimony of law enforcement officers who executed a search warrant on a house occupied by Nathan Burnham, Burnham's ex-wife, Quida, and their small child. Randy Johnson, an agent with the Mississippi Bureau of Narcotics testified that at 12:15 on the morning of January 6, 1983 he and other officers noticed lights on in the living room of the house as they arrived. Johnson knocked on the front door and a female voice asked who it was. Johnson identified himself and when the officers heard what they described as "movement" inside the house they kicked the door down. Johnson stated that after kicking the door down he was face to face with a .357 pistol being held by Ouida *947 Burnham. Nathan Burnham, unarmed and holding a small child, stated, "Don't shoot, don't shoot" and stepped between Ouida and Johnson. Ouida then turned and ran down a hallway from which she returned moments later without the gun.
A search of the house revealed some marijuana on a tray under the couch, some more marijuana found outside in a tool shed, marijuana seeds found in a freezer in a shed under the carport, and marijuana paraphernalia hidden in these locations and in a gun cabinet in the house.
Officer Johnson stated that no marijuana was found in the actual possession of Nathan Burnham. The law enforcement officers found both male and female clothes in the bedroom closet and mail addressed to Nathan Burnham was found opened in the house.
Randy Dearman, a law enforcement officer who took part in the search and arrest, corroborated that marijuana was found on a tray under the couch. Dearman stated that the officers had to search pretty hard to find the marijuana and that none of it had been in plain view. Dearman stated that the state failed to attempt to obtain fingerprints from any of the marijuana, marijuana containers or marijuana paraphernalia.
The state also produced testimony of Allison Smith, an employee of the Mississippi Crime Lab who positively identified the seized material as marijuana. Also, Bidmer Walker, a deputy sheriff, testified that he had seen Nathan Burnham at the subject house on previous occasions; however, he was only able to date one of those occasions, that being August 31, 1982. Following Walker's testimony the state rested.
The only testimony put on by the defense was that of Herkey Harde, the Chancery Clerk of Wayne County who testified as to the authenticity of a final decree of divorce entered in that court January 26, 1982. That decree was admitted into evidence. The decree ordered that Nathan and Ouida Burnham's marriage be dissolved. It further ordered that Ouida Burnham be awarded the exclusive use and occupancy of the home of the parties, the house at which Burnham was arrested.
Because the state failed to find any marijuana on Burnham's person, the question is whether the evidence is sufficient for the jury to have found that he constructively possessed the marijuana found hidden at various locations throughout the house. When this Court is asked to review a trial court's denial of a directed verdict, peremptory instruction, or weight of the evidence argument, it must consider as true all testimony offered by the prosecution together with the reasonable inferences that may be drawn therefrom. If that evidence will support a verdict of guilty, the question is one for the jury. Goldman v. State, 406 So.2d 816 (Miss. 1981).
In the recent case of Henderson v. State, 453 So.2d 708 (Miss. 1984), this Court addressed the quality and quantity of proof required to prove constructive possession. In that case Henderson had been found guilty of the constructive possession of cocaine. The facts under which the jury determined that Henderson had constructively possessed the drug were as follows: Henderson was standing next to a chest of drawers on top of which sat four hypodermic syringes and glasses of water. Three of the four syringes were discovered to contain cocaine. A spoon containing cocaine was found next to them. When the police arrived, Henderson attempted to push past them, and failing that, dove out a second floor window. This Court reversed Henderson's conviction because of the failure to grant him a circumstantial evidence instruction. Certainly, proof of constructive possession is by its very nature circumstantial. In explaining the proof necessary to find constructive possession, Justice Sullivan quoted from Curry v. State, 249 So.2d 414 (Miss. 1971):
Constructive possession is discussed in Curry v. State, 249 So.2d 414 (Miss. 1971).
What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the *948 concept of "possession" is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

Id. at 416. (emphasis added)
453 So.2d at 709, 710.
Relying on the rule set forth in Henderson and Curry, supra, that there must be "sufficient facts to warrant a finding that defendant was aware of the presence and character of a particular substance and was intentionally and consciously in possession of it," we are of the opinion that the state's proof fails. Burnham and his ex-wife Ouida, had been divorced for a year. Ouida had been granted exclusive use and occupancy of the home. It was a female voice that asked who was at the door and it was Ouida who met the officers at the door with a .357 pistol. Testimony from the officers indicated that the marijuana was well hidden both inside and outside the house. None of it was in plain view. The only evidence that linked Nathan Burnham to the house was some "male" clothing found in a closet and letters addressed to him were seen in the house. There was no evidence that the clothes belonged to Burnham and, given the fact that the parties had been divorced for a year, we cannot say that that is a reasonable inference. Also, because that house had been Burnham's residence at the time of his marriage, it was not unusual that mail would arrive there with his name on it. Even construing the evidence in the light most favorable to the state, we conclude that there was simply no proof that the marijuana was subject to Burnham's dominion or control. There was no evidence that he was even aware of its presence, much less intentionally and consciously in possession of it. Again, quoting Curry, "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." Curry at 416. The state simply failed to establish any other incriminating circumstances. We conclude that the state's proof failed to establish beyond a reasonable doubt that Burnham constructively possessed the marijuana hidden in the home his ex-wife had been granted exclusive use and occupancy of.
Based on all of the foregoing, we hereby reverse Nathan Eugene Burnham's conviction of possession of more than an ounce of marijuana and render this cause.
REVERSED, RENDERED AND APPELLANT DISCHARGED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.