WALLER, Chief Justice,
Dissenting.
¶ 239. In my view, while I agree with the majority conclusion regarding the sufficiency of the evidence, the record sup *678 ports two or more hypotheses of the crime committed and therefore the circumstantial evidence (two-theory) instruction D-14 should have been given to the jury. For this reason, I respectfully that because the trial court erred when it failed to grant instruction D-14, a circumstantial evidence (two-theory) instruction, the trial court’s judgment case must be reversed and this case remanded for a new trial. I write separately to address this point.

Circumstantial evidence (two-theory) instruction

¶ 240. The evidence in this case is purely circumstantial. See Lynch v. State, 877 So.2d 1254, 1265 (Miss.2004) quoting State v. Rogers, 847 So.2d 858, 863 (Miss.2003) (For purposes of granting a two-theory instruction, “[a] circumstantial evidence case.... is one in which there is neither an eyewitness nor a confession to the crime.”). Goff gave no confession nor were there any eyewitnesses. The State and Goff concede as much.
¶ 241. Two instructions are required in circumstantial evidence cases such as this. The first has been termed the “typical circumstantial instruction,” which requires the jury to exclude every reasonable hypothesis other than guilt. We have stated:
A jury is instructed to exclude every other reasonable hypothesis than that of guilt when a case is based entirely upon circumstantial evidence. A circumstantial evidence instruction is required only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant.
Hughes v. State, 983 So.2d 270, 278 (Miss.2008) (citations omitted). This type of instruction was given in S-2A, and no issue exists about its propriety.[37]
¶ 242. The circumstantial evidence instruction that was not given is known as the circumstantial evidence (two-theory) instruction. While the propriety of this instruction has been questioned in the past, I believe that, in certain instances, the instruction must be given to secure protection of an accused’s right to a fair trial. See Stringfellow v. State, 595 So.2d 1320, 1322 (Miss.1992). The instant case is such an occasion.
¶ 243. The designation “two-theory” is a misnomer. A better name would be a “two-interpretation” instruction, where the evidence can be argued, as in this case, to either implicate Goff or to absolve Goff of the robbery of Brandy. The two-theory instruction does not offer the jury the choice between two distinct theories for the murder, i.e., whether Goff committed the murder or someone else committed the murder. The two-theory instruction is not *679 used to advance two distinct theories such as “murder or alibi; homicide or an accident; homicide guilt or mistaken identity,” as was addressed in Kitchens v. State, 300 So.2d 922, 926 (Miss.1974).
¶ 244. Here, the jury had to exclude the reasonable hypothesis that Goff did not take the wallet. Under the State’s theory, Goff stole the wallet as part of the murder. On the other hand, the facts show that Brandy was driving when she and Goff checked into the Rocky Creek Inn. It is plausible that Brandy left the wallet in the car, and thus the wallet was not taken into the motel room. Goff could have killed Brandy in a rage and driven away in the Mustang, unaware that Brandy’s wallet was in the vehicle.
¶ 245. In Jones v. State, 797 So.2d 922 (Miss.2001), this Court reversed and remanded for a new trial the capital-murder conviction of Kenneth Earl Jones for failure to give the two-theory instruction where the evidence was wholly circumstantial. We stated:
In a case where all the evidence tending to prove the guilt of the defendant is circumstantial, the trial court must grant two jury instructions. First, the court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict. As stated previously, the trial court in this case did grant the typical circumstantial evidence instruction. However, in addition to giving instruction on circumstantial evidence, the trial court must grant a “two-theory” instruction such as D-7. In the case at bar, the trial court refused to allow D-7, the two-theory instruction. The very same two-theory instruction as D-7 was at issue in Henderson. This Court reversed and remanded for a new trial because the' trial judge refused the two-theory instruction as well as the typical circumstantial evidence instruction.
Id. at 928-29 (citations omitted). See also Parker v. State, 606 So.2d 1132, 1142 (Miss.1992) (“Because the trial judge refused to grant a two theory instruction offered by the defense in this case, the trial judge abused his discretion and this case must be remanded.”); Henderson v. State, 453 So.2d 708, 710 (Miss.1984) (“[Tjhis case should be remanded for a new trial because jury instructions required in a circumstantial evidence case were refused.”); Nester v. State, 254 Miss. 25, 29, 179 So.2d 565, 566 (1965) (case reversed and remanded, as “[t]he evidence ... was so circumstantial as to require the giving of the two-theory instruction and it was prejudicial error for the court to refuse it.”).
¶ 246. Instruction D-14, offered by Goff as a circumstantial evidence (two-theory) instruction, is as follows:
The Court instructs the jury that if there may be a fact or circumstance in this cause susceptible of two interpretations, one favorable and the other unfavorable to the Defendant, and when the jury has considered such fact or circumstance with all other evidence, there is a reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of the Defendant, and place upon such fact or circumstance the interpretation most favorable to the Defendant.
¶ 247. This instruction is very similar to other instructions approved by this Court, but was refused by the trial court. See Hughes, 983 So.2d at 278.
¶ 248. When the trial court considered instruction D-14, the following exchange occurred:
BY THE DISTRICT ATTORNEY: We object to D-14, Your Honor. I think this is a circumstantial evidence case, *680 and that has been defined in the elements instruction. It’s improper under the law to give this instruction.
BY COUNSEL FOR GOFF (McNALLY): And Judge, we feel this is a two-theory case based on circumstantial evidence as far as the murder and the robbery. We feel this charge is appropriate under Mississippi law.
[[Image here]]
BY THE COURT: ... I don’t think you’re entitled to this and a circumstantial evidence instruction when the burden of proof is used in the elements instruction. D-14 will be refused.
¶ 249. The law is clear — because the evidence in this case is purely circumstantial, the jury should have received both the typical circumstantial evidence instruction, as well as the circumstantial evidence (two-theory) instruction. In this case, only the typical circumstantial evidence instruction was given.
¶ 250. As the jury was not fully and fairly instructed due to the trial court’s failure to grant instruction D-14, I would reverse the trial court’s judgment and remand this case for a new trial. See Jones, 797 So.2d at 929.
GRAVES, P.J., JOINS THIS OPINION.

. Instruction S-2A provided:
The Defendant, Joseph Bishop Goff, has been charged in the indictment with the crime of Count I: Capital Murder for having killed Brandy S. Yates during the commission of the felony crime of Robbery of Brandy S. Yates.
If you find from the evidence in this case, beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence:
(1) Joseph Bishop Goff, on or about August 27, 2004, in George County, Mississippi; (2) did willfully, unlawfully, feloniously and without authority of law and not in necessary self-defense;
(3) with or without any design to effect the death, kill and murder Brandy S. Yates, a human being;
(4) at a time when Joseph Bishop Goff was engaged in the commission of the felony crime of Robbery, by taking the personal property of Brandy S. Yates in her presence or from her person against her will by violence to the person of Brandy S. Yates; If the State has failed to prove any one or more of the above elements beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence, then you shall find the Defendant, Joseph Bishop Goff not guilty of Capital Murder.