JAMES, J.,
for the Court:
¶ 1. Michael Kelly was convicted of possession of stolen property in the Circuit Court of Rankin County, Mississippi. On appeal, Kelly raises the following issues: (1) the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict (JNOV), as the evidence was insufficient to prove the element of guilty knowledge, (2) the trial court erred in failing to grant his motion for a new trial, as the verdict was against the overwhelming weight of the evidence, and (3) the trial court erred in denying his request for a “two-theory” jury instruction, which thereby deprived him of his fundamental right to have the jury consider his theory of defense. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Around midnight on August 19, 2010, Michael Kelly was stopped at a routine safety checkpoint on Highway 80 in Pearl, Mississippi. Kelly was driving a 2000 Mercury Grand Marquis with a Mississippi license plate. Paula Purvis, who is a friend of Kelly’s, was riding in the passenger seat of the vehicle. During the stop, Officer Eddie Hurt asked Kelly for his identification and vehicle registration. Kelly identified himself as Cortez Johnson. Kelly then gave Officer Hurt his Social Security number, which revealed his true identity. Upon realizing that Kelly had given a false name, Officer Hurt checked the vehicle’s license plate and discovered that the tag was not registered. Officer Hurt then checked the vehicle identification number (VIN) and discovered that the vehicle was stolen. The VIN check revealed that the vehicle was registered to M & B Auto Sales in Jackson, Mississippi. Masoud Bayati, owner of M & B Auto Sales, had reported the vehicle stolen a few months previously. According to Bay-ati, at the time the vehicle was stolen, the doors were unlocked and the keys were in the ignition. Bayati also testified that the vehicle- had no license plate, and that the tires were missing at the time it was stolen.
¶ 3. Kelly was arrested and charged with possession of stolen property in violation of Mississippi Code Annotated section 97-17-70. The jury returned a guilty verdict, and Kelly was sentenced as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections.[1] From this verdict, Kelly now appeals.
DISCUSSION
I. Sufficiency of the Evidence
¶ 4. Kelly argues that the trial court erred in failing to grant his motion for a JNOV, as the evidence was insufficient to support his conviction for receiving stolen property. Specifically, he argues that there was insufficient evidence on the element of guilty knowledge. In reviewing the denial of' a motion for a JNOV, all evidence must be viewed in the light most favorable to the State. Anderson v. State, 904 So.2d 973, 978 (¶ 9) (Miss.2004) (citing Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)). “All credible evidence supporting *720 the conviction is taken as true; the State receives the benefit of all favorable inferences reasonably drawn from the evidence.” Williams v. State, 923 So.2d 990, 994 (¶ 13) (Miss.2006) (quoting McClain v. State, 625 So.2d 774, 778 (Miss.1993)). “If the facts so considered point so overwhelmingly in favor of the appellant that reasonable [Jurors] could not have arrived at a contrary verdict, we are required to reverse and render.” Id. (quoting Jefferson v. State, 818 So.2d 1099, 1110-11 (¶ 30) (Miss.2002)).
¶ 5. Considering the evidence in the light most favorable to the State, we find that the evidence was sufficient to support Kelly’s conviction for possession of stolen property. A person is guilty of the crime of possession of stolen property if he or she “intentionally possesses, receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen.... ” Miss.Code Ann. § 97-17-70(1) (Rev.2006). “Guilty knowledge is the gist of the offense of receiving stolen property.” Long v. State, 933 So.2d 1056, 1058 (¶ 6) (Miss.Ct.App.2006) (quoting Ellett v. State, 364 So.2d 669, 670 (Miss.1978)). Kelly maintains that although the State proved that he was in actual possession of the stolen vehicle, the State failed to produce direct evidence to show that he knew or should have known that the vehicle was stolen. As Kelly argues, evidence of unexplained possession of stolen property, alone, is insufficient to satisfy the guilty-knowledge requirement of the crime of receiving stolen property. McClain, 625 So.2d at 779 (citing Tubwell v. State, 580 So.2d 1264, 1266 (Miss.1991)). However, when coupled with attempts at concealment, “such evidence may be sufficient to warrant a conviction.... ” Washington v. State, 726 So.2d 209, 213 (¶ 10) (Miss.Ct. App.1998) (quoting McClain, 625 So.2d at 779).
¶ 6. Here, Kelly’s misrepresentation to law enforcement of his identity during the roadblock, along with driving with an unregistered license plate would raise suspicion in the mind of a reasonable juror. These circumstances, coupled with the fact that Kelly was in possession of the stolen vehicle, would lead a reasonable juror to believe that Kelly either knew or should have known that the vehicle was stolen. “Guilty knowledge may be proved by direct evidence, or, since it is rarely the subject of direct and positive proof, by any surrounding facts or circumstances from which knowledge may be inferred.” Washington, 726 So.2d at 213 (¶ 10). In his brief, Kelly argues that the vehicle could have been borrowed; thus he would not have known that the license plate was unregistered or that the vehicle was stolen. However, Kelly never declared to Officer Hurt that the vehicle was borrowed, nor did he argue this theory during trial. There is nothing in the record to suggest that Kelly borrowed the vehicle from a third party.- In fact, Purvis testified that Kelly had driven the vehicle for approximately three to four months prior to the date of the roadblock. The proper standard for this Court regarding this issue is to view the evidence in the light most favorable to the State. In doing so, we find that the evidence was sufficient to satisfy the requisite element of guilty knowledge for the crime of receiving stolen property. This issue is without merit.
II. Weight of the Evidence
¶ 7. This Court employs a different standard of review for a motion for a new trial than for a motion for a JNOV. Williams, 923 So.2d at 994 (¶ 14) (citing Sheffield v. State, 749 So.2d 123, 127 (¶ 16) (Miss.1999)). While a motion for a JNOV *721 challenges the sufficiency of the evidence, as discussed above, a motion for a new trial challenges the weight of the evidence. Id. (citing Jones v. State, 918 So.2d 1220, 1285 (¶ 38) (Miss.2005)). A new trial will not be granted unless the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 886, 844 (¶ 18) (Miss.2005). Thus, we will not reverse the denial of a motion for a new trial unless the trial court has abused its discretion. Id. at 845 (¶ 19).
¶ 8. Kelly contends that the jury disregarded the evidence that weighed in favor of a not-guilty verdict. First, he argues that because he was compliant with law enforcement during the roadblock by giving Officer Hurt his correct Social Security number, and because he did not attempt to flee, the evidence does not indicate that he knowingly possessed a stolen vehicle. However, after being asked for identification and vehicle registration, Kelly told Officer Hurt that his name was Cortez Johnson, and his true identity was revealed only after Officer Hurt checked his Social Security number. Kelly also points to the fact that the vehicle contained no signs of forced entry to indicate that it had been stolen. However, as previously mentioned, Bayati testified that at the time the vehicle was stolen, the keys were in the ignition and the doors were unlocked. When asked why he left the keys in the ignition, Bayati stated that someone had previously stolen the vehicle’s tires, and that he did not think anyone would be able to steal a vehicle with missing tires. Bay-ati also testified that when he retrieved the vehicle from the police department, the vehicle contained the original tires that had been stolen.
¶ 9. The fact that the vehicle had no exterior signs of theft, and that Kelly did not attempt to flee after being stopped by Officer Hurt, does not equate to the evidence weighing so heavily against the verdict that to allow the verdict to stand would be to sanction an unconscionable injustice. Kelly was found in possession of a stolen vehicle after attempting to conceal his identity from law enforcement. Furthermore, Kelly offered no explanation of how he came into possession of the vehicle, nor did he ever allege at trial that the vehicle was borrowed. We find that the trial court’s denial of Kelly’s motion for a new trial did not amount to an abuse of discretion, as the verdict was well supported by the evidence. Thus, this issue is without merit.
III. Two-Theory Jury Instruction
¶ 10. Lastly, Kelly argues that the trial court erred in denying his request for a two-theory jury instruction. It is well established that the giving or refusal of jury instructions is within the sole discretion of the trial court. Victory v. State, 83 So.3d 370, 373 (¶ 12) (Miss.2012) (citing Newell v. State, 49 So.3d 66, 73 (¶ 20) (Miss.2010)). Thus, we will not reverse a trial court’s decision absent an abuse of that discretion. Id. Kelly contends that proposed instruction D-2 was warranted because the State’s proof of guilty knowledge was based on circumstantial evidence. Instruction D-2 reads:
The [c]ourt instructs the [j]ury that if there is a fact or circumstance in this case susceptible to two interpretations, one favorable and one unfavorable to Michael Kelly, when the jury has considered said fact or circumstance with all other evidence, and there is reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of Michael Kelly and place upon such fact or circumstance in *722 the interpretation [sic] most favorable to Michael Kelly.
This “two-theory” instruction directs the jury on how to proceed “when the record supports two or more hypotheses of the crime committed and all the evidence of the crime is circumstantial.” McInnis v. State, 61 So.3d 872, 875 (¶ 11) (Miss.2011) (quotation marks omitted). “A circumstantial evidence case (for the purposes of [giving] a “two-theory” instruction) is one in which there is neither an eyewitness nor a confession to the crime.” State v. Rogers, 847 So.2d 858, 868 (¶ 22) (Miss.2003) (citing Mangum v. State, 762 So.2d 337, 344 (¶ 21) (Miss.2000)).
¶ 11. Here, the State presented direct evidence that Kelly was in possession of the stolen vehicle. In addition, Purvis, who was an eyewitness, testified that Kelly had possessed the vehicle for at least three to four months prior to his arrest. The Mississippi Supreme Court has held that two-theory jury instructions should only be given in cases based upon wholly circumstantial evidence. Rogers, 847 So.2d at 863 (¶ 21) (citing Kitchens v. State, 300 So.2d 922, 926 (Miss.1974)). “It is only in entirely circumstantial evidence cases that such an instruction is required.” Id. (citing Barnes v. State, 532 So.2d 1231, 1235 (Miss.1988)). Because there was direct evidence of the crime presented, the trial court properly refused instruction D-2. Accordingly, this issue is without merit.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF STOLEN PROPERTY AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. BARNES, J„ CONCURS IN PART AND IN THE RESULT.

. On December 10, 2001, Kelly was convicted of business burglary and motor-vehicle theft in Hinds County. He was sentenced to two years for each offense.