SOUTHWICK, P.J.,
for the court.
¶ 1. A circuit court jury convicted the former fire chief of the City of Starkville of *1172 fraud in public office. On appeal it is argued that proof of intent was lacking and that the trial court erred in refusing to give certain instructions. We find no merit to the arguments and affirm.
STATEMENT OF FACTS
¶ 2. In early December 1995, Starkville Fire Chief Willie Johnson stopped at the City’s maintenance shop. Johnson had a discussion with the lead mechanic, Paul Hays. While Hays could not remember the exact content of the conversation, he was certain that Johnson wanted parts for a fire department vehicle. Hays testified that Johnson told him that “he had a car he was fixing up and that the fire department was going to perform the labor themselves and what did he have to do to get the parts.” Hays told Johnson to get the parts from one of the parts stores that did business with the City and have the bill sent to the maintenance department.
¶ 3. Johnson went to one of the City’s suppliers, McColly Tire and Auto Supply, where he ordered parts valued at $466.54 from the owner, Richard McColly. The shop maintained an open account with the City. Johnson had no personal credit there. The next day Johnson returned to McColly’s, in uniform and driving his City vehicle, to pick up the parts. At that time Johnson told a McColly employee that the parts were for a vehicle that had been seized because of its use in a drug crime. Johnson never signed an invoice or purchase order. McColly questioned whether these parts would be for any vehicle owned by the fire department. He contacted Hays. Based on his earlier conversation with Johnson, Hays told McColly to forward the invoice to the City.
¶ 4. In 1997, a state audit was conducted of Johnson. During the investigation, Johnson twice contacted McColly, first to ask him to tell investigators that a billing error had occurred, then to try to locate duplicate parts to show auditors.
¶ 5. Johnson was indicted for fraud in public office, convicted after a jury trial, and sentenced to probation. His appeal has been deflected to this Court.
DISCUSSION
1. Sufficiency of the proof of intent
¶ 6. Johnson argues that the evidence of his intent was insufficient. We will examine the evidence with the realization that jurors make determinations of the credibility of witnesses and the inferences properly to be drawn from evidence. We will reverse only if after examining all evidence and inferences in the light favorable to the verdict, we become convinced that a reasonable juror could not find guilt. Jackson v. State, 791 So.2d 830, 834 (Miss.2001).
¶ 7. Johnson alleges that Hays at the November 2000 trial could not adequately recall Johnson’s statements from their December 1995 conversation. He also points out that Richard McColly did not specifically remember taking Johnson’s order. Hays testified that he, not Johnson, told McColly to submit the invoice to the City for payment when McColly called with a question about it.
¶ 8. Considering all the evidence in the light favorable to the guilty verdict, we find sufficiency. Though not remembering the precise words, Hays was certain that Johnson indicated to him that the vehicle that needed repair belonged to the fire department. Hays told McColly to invoice the City because Johnson had informed him that the parts were for a fire department car. A McColly employee testified that Johnson told him when the two men were loading the parts that they were for a vehicle seized after a drug crime. Johnson did not have an account with McColly, and *1173 made no attempt to arrange or make payment with either McColly or the City until after he was being investigated. Once Johnson learned that this transaction was being investigated, he gave a handwritten statement to investigators that made no attempt to characterize the purchase as a billing error. Johnson twice asked McColly for aid in misleading investigators.
¶ 9. Johnson further questions, albeit indirectly, the weight of the evidence. Johnson’s motion for a new trial was denied, and, unless the overwhelming weight of the evidence renders the verdict an “unconscionable injustice,” we must affirm the lower court’s holding. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). We find no error in refusing a new trial.
2. Circumstantial evidence instruction
¶ 10. Johnson challenges the trial court’s failure to grant a circumstantial evidence jury instruction. In order for an accused to receive a circumstantial evidence instruction, the State must be unable to produce either an eyewitness or a confession to the gravamen of the offense; only in such situations is the evidence for the State wholly circumstantial in nature. Keys v. State, 478 So.2d 266, 267 (Miss.1985). We examine whether this is such a case.
¶ 11. The crime for which Johnson was indicted was “fraud or embezzlement” while in public office. Miss.Code Ann. § 97-11-31 (Rev.2000). Those terms are not statutorily defined. The Supreme Court has held that such fraud “connotes dishonesty in public office whereby the county or state pays money which is not due.” Cumbest v. State, 456 So.2d 209, 220 (Miss.1984). The indictment then must set forth the specific facts forming the dishonesty. This indictment charged that Johnson committed the crime in this fashion:
by falsely representing to a vendor that he needed some auto parts to fit on a City vehicle, charging said parts to the City of Starkville, and the City of Stark-ville paying for said parts; when in truth and in fact he needed to use those parts on a personal vehicle and did, after obtaining said parts, ... feloniously and fraudulently, embezzle and convert to his own use those fraudulently obtained auto parts which were in his care and possession as Fire Chief for the City of Starkville....
¶ 12. Almost all of those elements were proven by direct testimony. What Johnson alleges was only circumstantially proven was whether he had the intent to defraud, or whether — as shown in the next issue — he had only inadvertently led various individuals starting with City maintenance shop employee Hays to understand that he wanted these parts charged to the City.
¶ 13. Hays testified that Johnson had indicated that the parts were for a fire department vehicle, even though Hays could no longer recall the precise words. An employee at the auto parts store recalled that Johnson had used a story about the parts being for a vehicle that had been seized by the City because of its use in a drug-related offense. There was testimony that Johnson had indicated that the vehicle would be used to transport firefighters to local schools for demonstrations.
¶ 14. There is no direct testimony of Johnson’s intent. It has not been the Court’s experience that many trial transcripts contain contemporaneous admissions by suspects of their intent. Instead, usually “the only method by which intent may be proven is by showing the acts of the person involved at the time in question, and by showing the circumstances surrounding the incident.” Walker v. *1174 State, 671 So.2d 581, 595 (Miss.1995). There was sufficient evidence from which the jurors could infer the felonious intent. There was also direct evidence on such elements of the offense as that Johnson had requested the parts, that he received them, that the City was charged for them, and that they were to be used on a vehicle that at trial he claimed would have been for his daughter. Consequently, since the gravamen of the offense was not proven wholly by circumstantial evidence, there was no requirement for a circumstantial evidence instruction.
3. Mistake of fact instruction
¶ 15. Finally, Johnson argues that the lower court erred in denying his jury instruction on mistake of fact. Johnson offered this as jury instruction D-6:
Evidence has been presented that the defendant acted in ignorance or on mistake of fact. “Ignorance” or “Mistake of Fact” is a defense to the commission of a crime provided that:
1. The mistaken belief is honestly held; and
2. The belief is of such a nature that the conduct would have been lawful and proper, had the facts been as they were believed to be;
If [the] State has failed to prove from the evidence in this case beyond a reasonable doubt that the defendant acted with knowledge of the true facts, then you shall find the defendant not guilty.
¶ 16. Johnson’s instruction was patterned after Mississippi Model Jury Instruction 102.09, with one noticeable omission. That instruction contains a third element: “3. The mistaken belief is not the result of the negligence or fault of the defendant.” M.J.I. 102.09 (1998). In denying Johnson’s instruction, the lower court noted the alteration and expressly extended to Johnson the opportunity to conform the offered instruction to the model instruction. Johnson did not subsequently offer a conformed instruction."
¶ 17. Jury instructions should be tailored to fit the facts of the case. Mackbee v. State, 575 So.2d 16, 34 (Miss.1990). The mistake that Johnson alleges was his own, namely, that he did not realize that others would think that the parts were to be charged to him. The model instruction focuses on a mistake of others, which presumably is why Johnson deleted the third numbered sentence in his offered instruction. Had he conformed the instruction to the model as he was given an opportunity to do, it would not have presented the issue that he wanted.
¶ 18. Johnson was not raising an issue supported by this model instruction but sought to highlight the alleged absence of the necessary intent. One granted defense instruction emphasized that Johnson must have “intentionally caused public funds to be used to pay for auto parts.” Another granted instruction required that Johnson “consciously,” “intentionally,” “purposely,” and with “an evil purpose” have allowed the parts to be billed to the City. We find that the issue that Johnson must have intended for the City to be charged for the parts was fully presented in other instructions. The failure to present instruction D-6 did not block jurors’ consideration of his issue.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF FRAUD IN PUBLIC OFFICE AND SENTENCE OF THREE YEARS, SUSPENDED, WITH THREE YEARS PROBATION, AND $500 FINE IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
*1175 McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.