CARLTON, J., DISSENTING:
 

 ¶ 26. Because I would affirm the trial court's judgment, I respectfully dissent from the majority's opinion.
 

 ¶ 27. "In a circumstantial[-]evidence case, 'the test to be applied in considering the sufficiency of proof is whether a rational fact[-]finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.' "
 
 Harris v. State
 
 ,
 
 908 So.2d 868
 
 , 871 (¶ 9) (Miss. Ct. App. 2005) (quoting
 
 Shields v. State
 
 ,
 
 702 So.2d 380
 
 , 382 (Miss. 1997) ). When reviewing a challenge to the sufficiency of the evidence in a criminal case, the State receives the benefit of all favorable inferences that may reasonably be drawn from the evidence.
 
 Wilson v. State
 
 ,
 
 936 So.2d 357
 
 , 363 (¶ 16) (Miss. 2006). In a case based entirely upon circumstantial evidence, "[a] mere fanciful or farfetched or unreasonable hypothesis of innocence is not sufficient to require an acquittal[.]"
 
 Cotton v. State
 
 ,
 
 144 So.3d 137
 
 , 140 (¶ 3) (Miss. 2014) (quoting
 
 Montgomery v. State
 
 ,
 
 515 So.2d 845
 
 , 848 (Miss. 1987) ).
 

 ¶ 28. Precedent establishes that this Court will only reverse if the trial court abused its discretion in denying a motion for a new trial.
 
 Howell v. State
 
 ,
 
 860 So. 2d 704
 
 , 764 (¶ 212) (Miss. 2003). Moreover, "[t]he power to grant a new trial, on the basis of the weight of the evidence, should be invoked only in exceptional circumstances, when the evidence weighs heavily against the jury's verdict."
 
 Wilson
 
 ,
 
 936 So.2d at 363
 
 (¶ 16).
 

 ¶ 29. Precedent further establishes that "[a]n item is within one's constructive possession when it is subject to his dominion or control."
 
 Keys v. State
 
 ,
 
 478 So.2d 266
 
 , 268 (Miss. 1985). Also, "[c]onstructive possession may be established by direct evidence or circumstantial evidence."
 

 Id.
 

 In the present case, the record reflects sufficient circumstantial evidence, and favorable inferences to be objectively drawn therefrom, to support the jury's verdict and from which the jury could find that McGlothin, a felon, exercised possession, dominion, and control over the loaded semiautomatic firearm in the room that the jury could conclude he inhabited. Therefore, I dissent from the majority's opinion.
 

 GREENLEE, J., JOINS THIS OPINION.